[No. G043745. Fourth Dist., Div. Three. May 25, 2011.]

ANTONIO PUERTA, Plaintiff and Appellant, v.
ANNA BERTA TORRES, Defendant and Respondent.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts I.A., and II.A., B., C., and E.

## COUNSEL

Antonio Puerta, in pro. per., for Plaintiff and Appellant.

Ford, Walker, Haggerty & Behar, Maxine J. Lebowitz and K. Michele Williams for Defendant and Respondent.

**OPINION**

**MOORE, J.**—Antonio Puerta and Anna Berta Torres were in a car accident in the City of Westminster. Puerta sued Torres, acting as his own attorney. After a one-day trial, the court found in Torres's favor. Puerta now appeals, arguing the court failed to provide a statement of decision after his timely request. He also argues the court's decision was not supported by substantial evidence, that the court wrongly excluded evidence and improperly granted Torres costs under Code of Civil Procedure section 998 and section 1033.5.[1]

With respect to section 998, Puerta argues that Torres's offer failed to comply with the statute, which requires the offer to include "a provision that allows the accepting party to indicate acceptance of the offer by signing a statement that the offer is accepted." Whether an offer without such a provision is valid is apparently an issue of first impression in the published case law. As we discuss below, we are bound by the plain language of the statute and therefore agree with Puerta that Torres's offer was invalid.

On all other issues, we find no merit in Puerta's arguments and affirm the trial court's judgment. We therefore order the trial court to enter a new judgment excluding the costs awarded to Torres pursuant to section 998.

I

FACTS

A. *Underlying Facts and Trial*[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

B. *Torres's Request for Costs*

After the trial court issued its ruling in Torres's favor at the conclusion of the bench trial, Torres filed a memorandum of costs. Among other costs, she sought $5,350 in expert witness fees pursuant to section 998 along with $593 for "Blow-Ups of Vehicles/Scene" (photographs) and $521 for a Spanish interpreter. Puerta filed a motion to tax costs, arguing with respect to the

---

[1] Subsequent statutory references are to the Code of Civil Procedure.
[*]See footnote, *ante*, page 1267.

expert witness fees that Torres had not demonstrated she was entitled to them. He also objected to the fees for the photographs and the interpreter. Puerta in turn argued that Torres had failed to show that she had made an offer pursuant to section 998.

At the hearing, the court continued the motion for a week, stating that the motion to tax costs was denied, but would be granted unless counsel for defendant submitted evidence of a declined section 998 offer by the date of the continued hearing. Torres's counsel then submitted a declaration and a copy of Torres's section 998 offer, which set forth an offer to dismiss in exchange for a waiver of costs and an expiration date 30 days after the offer was made. Puerta filed an objection, arguing once again that Torres's offer had not complied with the language of the statute requiring a provision for acceptance. The court did not hold a further hearing, but ruled via minute order that Torres had met the condition of providing evidence of a section 998 offer, and denied Puerta's motion to tax costs.

Puerta now appeals.

## II

## DISCUSSION

A.–C.\*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

D. *Expert Witness Fees—Section 998*

Section 998 concerns pretrial offers to compromise. It states, in relevant part: "Not less than 10 days prior to commencement of trial or arbitration . . . of a dispute to be resolved by arbitration, any party may serve an offer in writing upon any other party to the action to allow judgment to be taken or an award to be entered in accordance with the terms and conditions stated at that time. The written offer shall include a statement of the offer, containing the terms and conditions of the judgment or award, *and a provision that allows the accepting party to indicate acceptance of the offer by signing a statement that the offer is accepted.* Any acceptance of the offer, whether made on the document containing the offer or on a separate document of acceptance, shall be in writing and shall be signed by counsel for the accepting party or, if not represented by counsel, by the accepting party." (§ 998, subd. (b), italics added.)

---

\*See footnote, *ante*, page 1267.

Thus, if a defendant makes an offer to settle a case pursuant to section 998, and the plaintiff fails to accept, the plaintiff is responsible for costs incurred after the date of the offer. (§ 998, subd. (c)(1).) In addition, the court, in its discretion, may order the plaintiff to pay the fees of the defendant's expert witnesses. (*Ibid.*)

Effective January 1, 2006, the Legislature amended section 998 to add the second and third sentences of the section, which added language regarding the acceptance of a section 998 offer. As relevant here, the amendment specified that the offer must include "a provision that allows the accepting party to indicate acceptance of the offer by signing a statement that the offer is accepted." (Stats. 2005, ch. 706, § 13, underscoring omitted.) It is undisputed from the record that Torres's offer to compromise did not include any provision regarding acceptance; it simply offered a waiver of costs in exchange for dismissal, and stated the offer would remain open for 30 days.

Puerta argues that the offer was invalid for failing to include a provision regarding acceptance as set forth in the statute, and accordingly, the court erred by awarding Torres $5,350 in expert witness fees. Because this is a question of statutory construction, our review of this issue is de novo. (*Sutco Construction Co. v. Modesto High School Dist.* (1989) 208 Cal.App.3d 1220, 1228 [256 Cal.Rptr. 671].)

This issue presents two competing dynamics. On the one hand, case law predating the amendment to section 998 emphasized the importance of the purpose of the statute, which is to encourage settlement. (See *Pazderka v. Caballeros Dimas Alang, Inc.* (1998) 62 Cal.App.4th 658, 672 [73 Cal.Rptr.2d 242].) Thus, the cases held, offers under section 998 should be held valid if they are clear and understandable, even if they do not precisely track the statute's language.

In *Berg v. Darden* (2004) 120 Cal.App.4th 721 [15 Cal.Rptr.3d 829] (*Berg*), a medical malpractice case, the plaintiff's attorney faxed a section 998 settlement offer to defense counsel's office, offering to settle the case for $225,000. Defense counsel told his client that he did not believe the faxed offer was valid under section 998 and never responded. (120 Cal.App.4th at p. 725.) At trial, the plaintiff recovered approximately $524,000 and thereafter her attorney moved to recover costs from the date of the faxed offer. The trial court granted a motion to tax costs on the ground that the successful plaintiff and her counsel had made an "ineffective section 998 offer." (*Id.* at p. 726.) The Court of Appeal disagreed and reversed.

According to the defendant, the faxed section 998 offer was ineffective because "the offer failed to indicate whether she (1) sought to have judgment

entered against Darden, (2) sought to have an 'award' entered in her favor, or (3) was willing to dismiss her malpractice action with prejudice." (*Berg, supra*, 120 Cal.App.4th at p. 728.) The section 998 offer by plaintiff's counsel to defense counsel was "the last paragraph of a letter addressed to other issues." (120 Cal.App.4th at p. 728.) Although the court agreed that the "settlement offer undoubtedly could have been more formal . . . and could have been stated with more precision," the *Berg* court held that neither consideration (nor its transmission via fax rather than formal service) rendered the offer invalid under section 998. (120 Cal.App.4th at p. 728.)

■ The court explained: "It is in the best interests of the parties and the court that section 998 offers be as clear, straightforward and thorough as possible. To advance the important purposes of clarity of understanding and ministerial ease discussed above, courts have found that 'the legislative purpose of section 998 is generally better served by a bright line rule in which the parties know that any judgment will be measured against a single, valid statutory offer . . . .' [Citations.] Nevertheless, we do not find fatal Berg's failure to reference the specific method by which she proposed to dispose of the case should Darden decide to accept her offer. [¶] . . . An otherwise clear section 998 offer is not rendered invalid simply because it does not track precisely the language of the statute." (*Berg, supra*, 120 Cal.App.4th at p. 728.)

■ On the other hand, we have the most fundamental principles of statutory construction, which we find more persuasive. "If the language is clear and unambiguous, the plain meaning governs." (*Silicon Valley Taxpayers' Assn., Inc. v. Santa Clara County Open Space Authority* (2008) 44 Cal.4th 431, 444 [79 Cal.Rptr.3d 312, 187 P.3d 37]; see *Young v. Gannon* (2002) 97 Cal.App.4th 209, 223 [118 Cal.Rptr.2d 187] [the "court looks first to the language of the statute; if clear and unambiguous, the court will give effect to its plain meaning"].) Since its amendment, section 998 now states: "The written offer *shall* include a statement of the offer, containing the terms and conditions of the judgment or award, and a provision that allows the accepting party to indicate acceptance of the offer by signing a statement that the offer is accepted." (§ 998, subd. (b), italics added.) The term "shall" is mandatory. (*Common Cause v. Board of Supervisors* (1989) 49 Cal.3d 432, 443 [261 Cal.Rptr. 574, 777 P.2d 610] ["It is a well-settled principle of statutory construction that the word . . . 'shall' is ordinarily construed as mandatory . . . ."].)

■ While Torres argues that "shall" is sometimes construed as less than strictly mandatory (see *Hogya v. Superior Court* (1977) 75 Cal.App.3d 122, 134 [142 Cal.Rptr. 325]), such a reading is an exception to the rule and should only apply when reading a provision as mandatory would defeat the

purpose of the statute. (*Ibid.*) In this instance, the statute was amended to require that acceptances of section 998 offers, as well as the offers themselves, be in writing, and that the manner of acceptance must be indicated in the offer.

Applying the statute as written does not defeat its purpose. The statute's new language seeks to eliminate uncertainty by removing the possibility that an oral acceptance might be valid, which is a legitimate concern. While there is room for interpretation as to how an appropriate statement regarding acceptance might be phrased in the offer, it is clear from the statute's language that at least *some* indication of how to accept is required by the amendment. The Judicial Council form section 998 offer (CIV-090), for example, includes a signature line to indicate acceptance. A sentence in the offer stating that acceptance could be indicated by return letter might be equally acceptable.

We do not find that the amendment's requirements are the type of overly formal requirement at issue in *Berg*. In that case (which, obviously, addressed a different provision of § 998) the issue was whether a party's failure to indicate the exact terms under which judgment would be taken rendered the offer invalid. The Court of Appeal held that if "written offer of compromise is made under section 998 and, if accepted, will result in entry of judgment— the expected and standard procedural result unless specific terms and conditions stated in the offer provide otherwise—the offer need not identically track the language of the statute under which it is made." (*Berg, supra*, 120 Cal.App.4th at p. 730.)

This case, in contrast, deals with the provision that sets forth two mandatory requirements about what *shall* be included in a section 998 offer: the offer shall be written, and it shall contain a provision stating that the recipient can accept the offer "by signing a statement that the offer is accepted." The offer at issue here contained nothing regarding acceptance, only the terms of the offer itself and its expiration date. It was therefore invalid under the plain language of the statute, regardless of whether Puerta ever intended to accept the offer or not. We therefore reverse that portion of the judgment requiring Puerta to pay Torres's expert witness fees.

E. *Other Costs**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante*, page 1267.

## III

## DISPOSITION

The judgment is reversed with respect to Torres's expert witness fees, and the trial court shall enter a new judgment accordingly. In all other respects, the judgment is affirmed. In the interests of justice, each party shall bear their own costs on appeal.

Rylaarsdam, Acting P. J., and O'Leary, J., concurred.