Filed 10/7/13

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| LARS ROULAND et al., | |
| Plaintiffs and Respondents, | G047919 |
| v. | (Super. Ct. No. 06CC08086) |
| PACIFIC SPECIALTY INSURANCE COMPANY, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Gail Andrea Andler, Judge. Reversed and remanded.

Shoecraft ♦ Burton, Michelle L. Burton and Sara A. McClain for Defendant and Appellant.

Jorgensen & Salberg, Richard Allen Jorgensen and Jeffrey R. Salberg for Plaintiffs and Respondents.

In this action for breach of contract and insurance bad faith, defendant and appellant Pacific Specialty Insurance Company appeals from a postjudgment order

denying the expert witness fees it incurred in successfully defending against plaintiffs and respondents Lars and Lisa Rouland's claims.[1]  Pacific Specialty sought its expert witness fees under Code of Civil Procedure section 998 because the Roulands did not accept Pacific Specialty's pretrial settlement offers and thereafter failed to obtain a more favorable judgment at trial.[2]  The trial court found Pacific Specialty could not recover its expert fees because its settlement offers did not strictly comply with section 998's requirement that an offer "shall include . . . a provision that allows the accepting party to indicate acceptance of the offer by signing a statement that the offer is accepted."

We reverse the trial court's order because we conclude Pacific Specialty's offers satisfied this requirement by directing the Roulands to file an "'Offer and Notice of Acceptance'" with the trial court if they accepted the proposals.  The statute merely requires the section 998 offer to identify a manner of acceptance that complies with the statute's additional requirement of a signed acceptance by the party or its counsel.  We remand for the trial court to exercise its discretion in determining whether to allow Pacific Specialty to recover its expert witness fees because the court did not reach that issue based on its erroneous conclusion Pacific Specialty's offers were invalid.

I

FACTS AND PROCEDURAL HISTORY

The Roulands owned a hillside home in Laguna Beach, California, that was damaged in a landslide.  Pacific Specialty insured the Roulands' home, but denied their

---

[1]     We refer to Pacific Specialty Insurance Company as Pacific Specialty.  We refer to Lars and Lisa Rouland collectively as the Roulands and individually by their first names to avoid any confusion.  No disrespect is intended.  (*Martin v. PacifiCare of California* (2011) 198 Cal.App.4th 1390, 1393, fn. 1.)

[2]     All statutory references are to the Code of Civil Procedure unless otherwise stated.

claim because its policy excluded the damage caused by the landslide. The Roulands sued Pacific Specialty for breach of contract and insurance bad faith to recover for the damage to their home.

Approximately two months before trial, Pacific Specialty served separate offers to settle with Lars and Lisa under section 998. It offered to pay Lars $95,000 and Lisa $30,000 in exchange for general releases and dismissals with prejudice. Both offers stated, "If you accept this offer, please file an Offer and Notice of Acceptance in the above-entitled action prior to trial or within thirty (30) days after the offer is made." The Roulands did not accept either offer.

Following a five-week trial, a jury returned a verdict in Pacific Specialty's favor, finding the insurance policy did not cover the landslide damage to the Roulands' home. The trial court entered judgment against the Roulands and Pacific Specialty filed a memorandum of costs seeking approximately $385,000 from the Roulands. Those costs included more than $331,000 in expert witness fees based on the Roulands' failure to obtain a judgment more favorable than Pacific Specialty's section 998 settlement offers.

The Roulands moved to tax Pacific Specialty's expert witness fees on the ground the settlement offers did not comply with section 998's procedure for acceptance because they lacked a signature space for the Roulands to formally accept the offers. The Roulands also argued Pacific Specialty's section 998 offers were merely token gestures made without any reasonable expectation the Roulands would accept them and the expert fees Pacific Specialty sought were unreasonable and unnecessary.

The trial court granted the motion and taxed all the expert witness fees because it found Pacific Specialty's settlement offers failed to satisfy section 998's requirements: "[T]he motion is granted in light of *Puerta v. Torres* [(2011)] 195 Cal.App.4th 1267 [(*Puerta*)], which requires strict compliance with the dictates of statute 998. The Court finds that the 998 offer[s] in this matter w[ere] defective and therefore the motion is granted." Although the court did not identify the specific defect

3

in the offers, the Roulands only argument concerned Pacific Specialty's failure to provide a signature block for them to acknowledge their acceptance. Despite its ruling granting the motion, the trial court also found the offers were not token offers and the Roulands failed to show the expert fees were unreasonable or unnecessary. Pacific Specialty timely appealed.

## II

### DISCUSSION

A.    *Section 998 Settlement Offers*

Section 998 authorizes any party to make a statutory offer to settle an action by allowing a judgment or dismissal to be entered based on the offer's terms and conditions. (§ 998, subd. (b).) The statute seeks to encourage settlement by providing parties a financial incentive to make and accept reasonable settlement offers before trial. (*Martinez v. Brownco Construction Co.* (2013) 56 Cal.4th 1014, 1019 (*Martinez*); *Chaaban v. Wet Seal, Inc.* (2012) 203 Cal.App.4th 49, 54 (*Chaaban*).)

If a plaintiff rejects a defendant's section 998 offer and thereafter fails to obtain a more favorable judgment, (1) "the plaintiff shall not recover his or her postoffer costs and shall pay the defendant's costs from the time of the offer," and (2) the trial court may, in its discretion, require the plaintiff to pay the reasonable expert witness fees the defendant incurred. (§ 998, subd. (c)(1).) If a defendant does not accept a plaintiff's section 998 offer and thereafter fails to obtain a more favorable judgment, (1) the trial court may, in its discretion, require the defendant to pay the reasonable postoffer expert witness fees the plaintiff incurred in preparing for trial and at trial (§ 998, subd. (d)), and (2) the judgment against the defendant in any personal injury action shall accrue prejudgment interest at the rate of 10 percent per annum from the date of the offer (Civ. Code, § 3291).

4

Effective January 1, 2006, the Legislature amended section 998 to specify the requirements for a valid settlement offer and acceptance. (*Whatley-Miller v. Cooper* (2013) 212 Cal.App.4th 1103, 1110, fn. 3 (*Whatley-Miller*); *Puerta*, *supra*, 195 Cal.App.4th at p. 1271.) The offer must be in writing and "include a statement of the offer, containing the terms and conditions of the judgment or award, and *a provision that allows the accepting party to indicate acceptance of the offer by signing a statement that the offer is accepted*." (§ 998, subd. (b), italics added.) "Any acceptance of the offer, whether made on the document containing the offer or on a separate document of acceptance, shall be in writing and shall be signed by counsel for the accepting party or, if not represented by counsel, by the accepting party." (§ 998, subd. (b).) The purpose of these provisions is "to eliminate uncertainty by removing the possibility that an oral acceptance might be valid." (*Puerta*, at p. 1273; see also *Boeken v. Philip Morris USA Inc.* (2013) 217 Cal.App.4th 992, 1003 (*Boeken*).)

B.      *Pacific Specialty Made Valid Section 998 Settlement Offers*

The sole question presented is whether Pacific Specialty's settlement offers satisfied section 998's requirement that the offers include a provision allowing the Roulands to accept the offers "by signing a statement that the offer[s are] accepted." (§ 998, subd. (b).) The Roulands do not dispute Pacific Specialty's offers included a provision that asked them to file an "'Offer and Notice of Acceptance'" with the trial court. The dispute lies in whether that provision satisfied section 998's acceptance provision requirement. We decide this question under the de novo standard of review because it is a question of statutory interpretation based on the undisputed terms of Pacific Specialty's offers.[3] (*Martinez*, *supra*, 56 Cal.4th at p. 1018; *Boeken*, *supra*, 217 Cal.App.4th at p. 1001.)

---

[3]     The Roulands contend we should review the trial court's ruling under the abuse of discretion standard, but the portion of the *Whatley-Miller* decision they cite to support that contention involves the reasonableness of a section 998 offer — that is,

5

Four recent opinions concluded that the failure to follow section 998's acceptance provision requirement invalidates the offer and the statute's cost-shifting penalties may not be imposed. (*Boeken*, *supra*, 217 Cal.App.4th at pp. 1001-1004; *Whatley-Miller*, *supra*, 212 Cal.App.4th at pp. 1110-1111; *Perez v. Torres* (2012) 206 Cal.App.4th 418, 422-426 (*Perez*); *Puerta*, *supra*, 195 Cal.App.4th at pp. 1271-1273.) To reach this conclusion, these decisions relied on the plain meaning of the statute's language that an offer "*shall include . . . a provision*" allowing acceptance to be made "by signing a statement that the offer is accepted." (§ 998, subd. (b), italics added; *Perez*, at pp. 424-425; *Puerta*, at pp. 1272-1273; see also *Boeken*, at pp. 1002-1003; *Whatley-Miller*, at pp. 1110-1111.) The *Perez* court further explained a bright-line rule invalidating an offer that fails to address the manner of acceptance serves section 998's purpose of encouraging settlement by eliminating confusion and uncertainty about what must be included in a valid offer. (*Perez*, at pp. 425-426.)

Although these decisions agree that failing to comply with the acceptance provision requirement invalidates the offer, they do not provide clear guidance on how to satisfy that requirement. For example, *Perez* explained, "Section 998 does not require a particular form of acceptance provision[, but] . . . to be valid a section 998 offer must include *some indication* of how to accept the offer." (*Perez*, *supra*, 206 Cal.App.4th at pp. 425-426, fn. 6, original italics.) Similarly, *Puerta* explained, "While there is room for interpretation as to how an appropriate statement regarding acceptance might be phrased in the offer, it is clear from the statute's language that at least *some* indication of how to accept is required by the amendment." (*Puerta*, *supra*, 195 Cal.App.4th at p. 1273, original italics; see also *Boeken*, *supra*, 217 Cal.App.4th at p. 1003.) *Boeken*, *Perez*, and

whether the offer was a token offer made without any expectation it would be accepted — and makes clear that interpreting what constitutes a valid offer under section 998 is a legal question subject to de novo review. (*Whatley-Miller*, *supra*, 212 Cal.App.4th at p. 1113.)

*Puerta* did not establish specific criteria on what is required to satisfy the acceptance provision requirement because the offers in those cases were silent on the manner of acceptance, and therefore the courts could invalidate the offers without specifying how to satisfy the acceptance provision requirement. (*Boeken*, at p. 1004; *Perez*, at p. 422; *Puerta*, at p. 1273.)

*Whatley-Miller* represents the only one of these four cases that found the settlement offer valid under section 998 and affirmed the trial court's decision imposing section 998's cost-shifting penalties. (*Whatley-Miller*, *supra*, 212 Cal.App.4th at pp. 1106-1107.) The plaintiffs in *Whatley-Miller* simultaneously served two documents in a single envelope. The first offered to settle the plaintiffs' claims for a specific dollar amount under section 998. The second document, entitled "'Acceptance of Plaintiffs' Offer to Compromise Pursuant to [Section] 998 and Civil Code [Section] 3291,'" directed the court clerk to enter judgment against the defendant "'pursuant to Plaintiffs' Offer to Compromise which is attached hereto,'" and included a space for the defendant's counsel to sign and date the acceptance. (*Whatley-Miller*, at pp. 1107, 1111.) The *Whatley-Miller* court found these two documents combined to form a valid offer under section 998 because the statute authorizes an acceptance to be "'made on the document containing the offer *or on a separate document of acceptance*.'" (*Whatley-Miller*, at p. 1110, original italics, quoting § 998, subd. (b).) As the *Whatley-Miller* court explained, "Section 998 does not specify that the acceptance must contain any specific words or that it be made in a particular manner, other than it be in writing and signed by the appropriate person." (*Whatley-Miller*, at p. 1110.)

Here, Pacific Specialty included each offer and acceptance provision in a single document. The acceptance provision stated, "If you accept this offer, please file an Offer and Notice of Acceptance in the above-entitled action prior to trial or within thirty (30) days after the offer is made." The Roulands contend this statement fails to satisfy section 998's acceptance provision requirement for two reasons: (1) it had no line for

7

them to accept the offers by signing them "as included in Judicial Council form CIV-090"; and (2) it "had no language . . . which stated that [the Roulands] *shall* accept the offer[s] *by signing* a statement that the offer[s are] accepted." (Original italics.) Neither reason persuades us that Pacific Specialty's offers are invalid.

Although the California Judicial Council has approved a form entitled "Offer to Compromise and Acceptance Under Code of Civil Procedure Section 998," it is not a mandatory form nor does it specify the exclusive means for satisfying section 998's requirements. (Judicial Council Forms, form CIV-090, capitalization omitted.) In a single document, that form allows one side to make a settlement offer under section 998 and the other side to accept the offer. The acceptance section merely states the party "accepts the offer for judgment stated in [the form]" and provides a space for the accepting party or its counsel to sign and date the acceptance. (Judicial Council Forms, form CIV-090, as rev. Jan. 1, 2008.) *Whatley-Miller*, *Perez*, and *Puerta* agreed the form satisfied section 998's acceptance provision requirement, but they also emphasized the form is not the only way to meet the statute's requirements. (*Whatley-Miller*, *supra*, 212 Cal.App.4th at p. 1110; *Perez*, *supra*, 206 Cal.App.4th at p. 426; *Puerta*, *supra*, 195 Cal.App.4th at p. 1273.) For example, the *Whatley-Miller* court stated, "Although the use of this form may be a convenience for litigants, we conclude that a plain reading of the language of section 998 makes it clear this form is not the one and only way to comply with the offer and acceptance requirements of that statute." (*Whatley-Miller*, at p. 1110.)

Nothing in the statute's language requires an offer to include either a line for the party to sign acknowledging its acceptance or any specific language stating the party shall accept the offer by signing an acceptance statement. Indeed, no "'magic language'" or specific format is required for either an offer or acceptance under section 998. (*Berg v. Darden* (2004) 120 Cal.App.4th 721, 731-732; see also *Whatley-Miller*, *supra*, 212 Cal.App.4th at p. 1110.) The offer's acceptance provision simply must

8

specify the manner in which the offer is to be accepted (*Boeken*, *supra*, 217 Cal.App.4th at p. 1003; *Whatley-Miller*, at p. 1111; *Perez*, *supra*, 206 Cal.App.4th at pp. 425-426, fn. 6; *Puerta*, *supra*, 195 Cal.App.4th at p. 1273), and the only statutory requirements for a valid acceptance mandate a written acceptance signed by the accepting party or its counsel (*Whatley-Miller*, at p. 1110). We may not impose any additional requirements or limitations that do not appear on the face of the statute. (*Cadlerock Joint Venture, L.P. v. Lobel* (2012) 206 Cal.App.4th 1531, 1549 ["""'a court is not authorized to insert qualifying provisions not included [in a statute] and may not rewrite the statute to conform to an assumed intention which does not appear from its language'"""]; see also § 1858.)

Pacific Specialty's offers satisfied section 998's acceptance provision requirement because they informed the Roulands how to accept the offers (file an "'Offer and Notice of Acceptance'" with the trial court) and the identified means of acceptance satisfied the statute's requirements for a valid acceptance (a writing signed by the Roulands' counsel). We recognize the offers did not expressly require a written acceptance signed by the Roulands' counsel, but that requirement is implicit in the offers' identified means of acceptance because any acceptance the Roulands sought to file with the court necessarily would have to be in writing and signed by their counsel. (See § 128.7, subd. (a) [all documents filed with the trial court must be signed by counsel].) As long as a section 998 offer specifies the manner of acceptance, the steps for completing the acceptance may be implicit in the identified means of acceptance. (See *Whatley-Miller*, *supra*, 212 Cal.App.4th at p. 1111 [approving offer that did not expressly state acceptance must be signed and filed with the court although those requirements were implicit in the identified means of acceptance]; see also Judicial Council Forms, form CIV-090 [providing space for accepting party's counsel to sign, but no instructions on how to effectuate acceptance].) The Roulands have never argued they did not

9

understand either the terms of Pacific Specialty's settlement offers or how to accept those offers.

Our interpretation of section 998's acceptance provision requirement is consistent with the statute's overall purpose. Specifically, section 998 aims to encourage pretrial settlements by providing a financial incentive for parties to make and accept reasonable settlement offers. (*Martinez*, *supra*, 56 Cal.4th at p. 1019.) The purpose of the 2006 amendment adding the acceptance provision requirement, and the requirement that all acceptances must be in a signed writing, was to eliminate the uncertainty that arose when section 998 allowed oral acceptances. (*Puerta*, *supra*, 195 Cal.App.4th at p. 1273; *Boeken*, *supra*, 217 Cal.App.4th at p. 1003.) Accepting the Roulands' formalistic requirements potentially could invalidate written acceptances of section 998 offers and therefore undermine its statutory purpose.

The trial court granted the motion to tax the expert witness fees because it found Pacific Specialty's offers failed to strictly comply with section 998's acceptance provision requirement as *Puerta* required. Our *Puerta* decision, however, does not require strict compliance with the acceptance provision requirement or any of section 998's other requirements. In *Puerta*, the settlement offer was silent as to how it was to be accepted and therefore we found it failed to comply with the statute's plain language requiring an offer to include a provision specifying the manner of acceptance. Because the offer made no attempt to comply with the acceptance provision required, we did not decide how to satisfy the requirement, let alone that strict compliance was required. We simply concluded that "at least *some* indication of how to accept [the offer] is required by the [statute]." (*Puerta*, *supra*, 195 Cal.App.4th at p. 1273, original italics.) Nothing in *Puerta* required the trial court to grant the motion to tax.

Although we conclude the trial court erred in finding Pacific Specialty's offers did not satisfy section 998's requirements, we remand the matter for the trial court to determine whether Pacific Specialty may recover its expert witness fees. Even when

10

an offer satisfies all of section 998's requirements, the decision whether to award expert witness fees, as opposed to any of the statute's other cost-shifting penalties, is vested in the trial court's sound discretion. Pacific Specialty is not entitled to its expert witness fees as a matter of right. (*Chaaban*, *supra*, 203 Cal.App.4th at pp. 54-55.) The trial court's findings that Pacific Specialty's offers were reasonable and that the expert fees Pacific Specialty sought were reasonable speak to whether the statute's requirements were satisfied. They do not equate to an exercise of the trial court's discretion that Pacific Specialty should recover some or all of its expert witness fees.

## III

## DISPOSITION

The postjudgment order is reversed and we remand for further proceedings consistent with this opinion. Pacific Specialty shall recover its costs on appeal.


ARONSON, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


IKOLA, J.


11