Filed 2/7/14  Bui v. 4901 Centennial Partners CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| HAO D. BUI, | F066582 |
| Plaintiff and Appellant, | (Super. Ct. No. CV-271889) |
| v. | |
| 4901 CENTENNIAL PARTNERS, LLC et al., | **OPINION** |
| Defendants and Respondents. | |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  David R. Lampe, Judge.

Law Offices of Morton Minikes, Morton Minikes; Castro & Associates, Joel B. Castro and David H. Pierce for Plaintiff and Appellant.

Law Offices of Craig D. Braun, Craig D. Braun; Klein, DeNatale, Goldner, Cooper, Rosenlieb & Kimball and Catherine E. Bennett for Defendants and Respondents.

-ooOoo-

Plaintiff Hao D. Bui filed an action seeking damages for construction defects in a building he purchased from defendants 4901 Centennial Partners, LLC et al. Following the completion of plaintiff's evidence before a jury, the trial court granted a motion for nonsuit as to all causes of action. Plaintiff appealed the trial court's order nonsuiting his negligence cause of action only (case No. F065656). We recently affirmed the nonsuit order in defendants' favor. In the instant appeal, plaintiff contends the trial court erred in awarding expert costs to defendants under Code of Civil Procedure section 998.[1] We agree and reverse the order awarding expert costs to defendants.

## DISCUSSION

**I.    Standard of Review**

Where the issue on appeal involves the interpretation of a statute and the application of the statute to undisputed facts, independent or de novo review applies. (*City of Saratoga v. Hinz* (2004) 115 Cal.App.4th 1202, 1212.) Interpreting what constitutes a valid offer under section 998 is subject to review for abuse of discretion. (*Whatley-Miller v. Cooper* (2013) 212 Cal.App.4th 1103, 1113.)

**II.    Section 998**

Section 1032 sets forth the general rule allowing recovery of costs. Section 1033.5 identifies the costs that are recoverable. Fees paid to experts retained by the parties are not recoverable costs. Section 998 modifies the rule of section 1032. If a defendant makes a section 998 offer which a plaintiff refuses and thereafter fails to obtain a more favorable judgment, the plaintiff is precluded from recovering its costs after the offer was made and the defendant is entitled to recover its costs incurred after the offer was made; additionally, the trial court has discretion to order a plaintiff to pay a defendant's expert witness costs. In relevant part, section 998, subdivision (b) provides:

---

[1]    Unless otherwise noted, all further statutory references are to the Code of Civil Procedure.

2.

"… The written offer shall include a statement of the offer, containing the terms and conditions of the judgment or award, and a provision that allows the accepting party to indicate acceptance of the offer by signing a statement that the offer is accepted. Any acceptance of the offer, whether made on the document containing the offer or on a separate document of acceptance, shall be in writing and shall be signed by counsel for the accepting party or, if not represented by counsel, by the accepting party."[2]

Thus, a valid section 998 offer must not only specify the terms and conditions of the judgment or award, it must also include a provision explaining how the responding party is to accept the offer. Failure to include such a provision renders the section 998 offer invalid.

*Puerta* is an example of such a circumstance. There, the wording of the defendant's section 998 offer only proposed a waiver of costs in exchange for a dismissal and stated the offer would remain open for 30 days. The trial court awarded expert fees under section 998. The appellate court reversed, declaring the offer invalid because under the plain language of the statute, the offer was required to contain a provision stating that the recipient can accept the offer "'by signing a statement that the offer is accepted.'" Since the offer did not contain that statement, it did not comply with the statute and was invalid. (*Puerta*, *supra*, 195 Cal.App.4th at p. 1273.) The court rejected the argument that the statute's "shall" verbiage be treated as less than mandatory. The court reasoned that applying the statute as written would not defeat its purpose, but would serve the statutory purpose of eliminating uncertainty by removing the possibility that an oral acceptance might be valid. (*Id*. at pp. 1271-1273.)

Similarly, in *Perez v. Torres* (2012) 206 Cal.App.4th 418, we affirmed the trial court's ruling that the defendant's section 998 offer was invalid because it failed to include the statutorily required acceptance provision even though the plaintiff did not

---

[2]     This language was added by amendment effective January 1, 2006. (Stats. 2005, ch. 706, § 13; *Puerta v. Torres* (2011) 195 Cal.App.4th 1267, 1271 (*Puerta*).)

accept the defendant's pretrial offer to settle the case for more than the amount that the jury ultimately awarded.

In *Rouland v. Pacific Specialty Insurance Co.* (2013) 220 Cal.App.4th 280 (*Rouland*), the defendant's section 998 offers included a provision that asked the plaintiffs to file an """"Offer and Notice of Acceptance"""" with the trial court. (*Id*. at pp. 283, 288.) The question was whether that provision satisfied section 998's acceptance provision requirement. The court held that it did. The statute required that the plaintiffs be informed that they could accept the offers in a writing signed by their counsel. While the offers did not expressly require a written acceptance signed by their counsel, that requirement was "implicit in the offers" because any acceptance the plaintiffs sought to file with the court necessarily would have to be in writing and signed by their counsel pursuant to section 128.7, subdivision (a) (all documents filed with the court must be signed by counsel). Since the offer specified that an acceptance must be filed with the court and since section 128.7, subdivision (a) required documents filed with the court to be signed by counsel, the section 998 offers were upheld as complying with the requirements that it specify the manner of acceptance. (*Rouland*, *supra*, at p. 288.)

## III. Defendants' Section 998 Offer

Defendants' section 998 offer was presented in a January 27, 2012 letter. The letter included the terms of the offer (dollar amount sought, payment to be made within 30 days of execution of a written settlement agreement, the action be dismissed with prejudice, plaintiff execute a general release, settlement was contingent upon a court finding that it was made in good faith, there be no admission of liability, each party bear its own costs and attorney fees, and defendants retained all their rights to pursue their cross-complaint), stated it was made pursuant to section 998 and specified it would remain open for a period of 30 days. The letter concluded with the following:

4.

"Should [plaintiff] not accept this offer in writing within that period of time, this offer shall expire and no longer be available for acceptance by [plaintiff]."

The section 998 offer did not require that the acceptance be filed with the court, as was the case in *Rouland*, *supra*, 220 Cal.App.4th 280. It also did not specify that the written acceptance be signed.

## IV. Defendants' Offer Did Not Comply With Section 998

Section 998 requires that the written settlement offer include a provision that allows "the accepting party to indicate acceptance of the offer by signing a statement that the offer is accepted." In other words, the offer itself must advise the offeree that acceptance of the offer must be (1) in writing and (2) signed. A written acceptance that is not signed does not comply with the statute's requirements. This is further borne out by the language of the next sentence in the statute, which states that any acceptance "shall be in writing and shall be signed."

In the instant case, defendants' section 998 offer did advise plaintiff that any acceptance of the offer needed to be in writing. However, the section 998 offer made no mention that the written acceptance also required a signature. The statute requires that the offer advise the accepting party of both requirements. Since defendants' offer did not advise plaintiff of the signature requirement, the offer did not comply with section 998 and was rendered invalid.

## V. Conclusion

Defendants' section 998 offer was invalid. Therefore, the trial court erred in awarding defendants their expert costs under section 998.

## **DISPOSITION**

The lower court's ruling awarding expert costs to defendants is reversed.  Costs on appeal are awarded to plaintiff.

_____
Kane, J.

WE CONCUR:


_____
Levy, Acting P.J.


_____
Franson, J.