Filed 9/15/21

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| KIMBERLY FINLAN, | D078410 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2014-00036134-CU-PO-NC) |
| MICHAEL CHASE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Earl H. Maas, III, Judge. Affirmed in part and reversed in part.

Konoske Akiyama & Brust, Gregory P. Konoske, D. Amy Akiyama and Megan K. Hawkins for Defendant and Appellant.

Ritter & Associates, Dwight Ritter and Karen Albence for Plaintiff and Respondent.

As experienced litigators know, an offer from the opposing party to compromise pursuant to Code of Civil Procedure section 998 should be carefully reviewed, because if it is not accepted and trial produces a less favorable result, offerees might be penalized for their earlier reticence to

settle by being required to pay certain litigation costs of their opponents.[1] But offerors must exercise caution as well, and take particular care that their offers meet all of the requirements enumerated in section 998. One such requirement is the inclusion of an acceptance provision that gives offerees instructions on how to accept an offer if they choose to settle.

In this case, we consider whether a simple reference to section 998 satisfies the acceptance provision requirement. We conclude it does not, based on settled caselaw. We further determine that a valid acceptance provision requires more than mere reference to a judgment; section 998 offers must provide some kind of instruction or indication as to how they can be accepted, utilizing a written acceptance that includes a signature from the offeree's counsel or the unrepresented offeree. Accordingly, the section 998 offers in this case were not statutorily valid, and we reverse the court's postjudgment order to the extent it allows plaintiff Kimberly Finlan to recover costs and interest that could only be awarded based on defendant Michael Chase's failure to accept a legitimate section 998 offer.

FACTUAL AND PROCEDURAL BACKGROUND

Chase sexually assaulted aesthetician Finlan during a facial treatment session at a resort spa. Finlan sued Chase, and in the course of litigating her personal injury action, she sent multiple letters offering to settle for $999,000.[2] The letters stated that her offers were made pursuant to section

_____

[1] All further statutory references are to the Code of Civil Procedure unless otherwise designated.

[2] Finlan and Chase are not in agreement that Chase received all three settlement letters Finlan apparently sent—but he received at least two. The dispute is immaterial because the letters were all substantially the same, apart from minor corrections of typographical errors. We treat the letters collectively as Finlan's offers and find no need to differentiate them.

998, but said nothing about how the offers were to be accepted.[3] Chase did not respond to these offers. Finlan then prevailed at trial, receiving an award of $3,875,000.

A judgment, which included an award of prejudgment interest, was entered in Finlan's favor. She also moved to recover various costs. Chase responded with a motion to tax Finlan's costs, arguing in particular that she was not entitled to recover expert witness fees because her section 998 offers failed to include an acceptance provision, making them statutorily invalid. He further moved to strike the award of prejudgment interest based on the same argument—that the 998 offers were unenforceable.

After considering supplemental briefing on the section 998 issue and hearing oral argument, the trial court ultimately concluded that Finlan's offers were valid. Acknowledging the statutory requirement that an offer must include an indication on how it can be accepted, the court nonetheless thought Finlan's offers "w[ere] not silent as to how [they were] to be accepted because they "explicitly referr[ed] to [§ 998]" and thus "encompassed the provisions of that statute." In the court's view, this "incorporation by

---

[3]    In their entirety, Finlan's offers read as follows (errors have been corrected with brackets):
    "Pursuant to Section 998 of the California [Code of Civil Procedure], Plaintiff KIMBERLY FINLAN, offers to settle the Complaint against defendant MICHAEL CHASE for the sum of nine hundred and ninety-nine thousand dollars ($999,000.00), paid by said defendant MICHAEL CHASE and to allow judgment to be entered in favor of said plaintiff, in the sum of [nine hundred and] ninety-nine thousand dollars ($999,000,00).
    This offer is made pursuant to Section [998] of the California [Code of Civil Procedure], if such offer is not accepted within 30 days after it is made, it shall be deemed withdrawn. In the event this Offer of Compromise is not accepted by the said defendant, defendant is hereby advised that after verdict, Plaintiff intends to seek a reasonable sum to cover costs of expert witnesses, interest at the rate of ten percent (10%) per annum from the date hereof, together with all other costs as provided in Section 998."

3

reference" was enough to satisfy the statutory requirement that the offers contain an acceptance provision. (§ 998, subd. (b).) Although for different reasons it granted Chase's request to tax certain costs, the court awarded Finlan the largest category of expenses she claimed—expert witness fees—and denied Chase's motion to strike the prejudgment interest, basing both rulings on its conclusion that Finlan's section 998 offers were effective.

## DISCUSSION

The only issue before us is whether Finlan's offers to settle were valid under section 998—a determination that turns entirely on whether the offer letters contained the required acceptance provision. Chase argues the trial court erred in determining that a simple reference in the offer to section 998 satisfied this requirement. And although Finlan's assertion on this point convinced the trial court, she tellingly pivots to another position on appeal— that a brief reference in her letters to allowing "judgment to be entered" provided implicit instructions about acceptance.[4]

As we will explain, neither the trial court's reasoning nor Finlan's alternate theory provides a basis on which we could affirm. If the trial court's incorporation-by-reference approach were sufficient to constitute an acceptance provision within the meaning of section 998, then the Legislature's 2006 modifications to subdivision (b) adding that requirement would be rendered meaningless. And holding that a simple mention of a "judgment" satisfies the statutory provision would create the same problem. Because no part of Finlan's letters provides instructions on how Chase could have accepted, they were not valid section 998 offers. We accordingly reverse the trial court's postjudgment order with directions to enter a new order that

---

[4]     Contrary to Chase's assertion, Finlan did make this argument in her supplemental brief before the trial court, and as such it was preserved.

4

(1) omits the award of Finlan's expert witness costs, and (2) strikes the award of prejudgment interest included in the judgment.

We begin with some background discussion of section 998 and the acceptance provision requirement. Generally, a party's "right to recover costs is derived solely from statutes. In the absence of statutory authority, each party must pay his or her own costs. [Citation.] The general rule allowing recovery of costs is found in section 1032 [but]. . . . '[s]ection 998 modifies the general rule' " (*Perez v. Torres* (2012) 206 Cal.App.4th 418, 421 (*Perez*)) by "establish[ing] a procedure for shifting the costs upon a party's refusal to settle." (*Barella v. Exchange Bank* (2000) 84 Cal.App.4th 793, 798.) As pertinent here, when a defendant refuses a plaintiff's section 998 offer "and thereafter fails to obtain a more favorable judgment, (1) the trial court may, in its discretion, require the defendant to pay the reasonable postoffer expert witness fees . . . (§ 998, subd. (d)), and (2) the judgment against the defendant in any personal injury action shall accrue prejudgment interest at the rate of 10 percent per annum from the date of the offer (Civ. Code, § 3291)." (*Rouland v. Pacific Specialty Ins. Co.* (2013) 220 Cal.App.4th 280, 285 (*Rouland*).)

In 2006, the Legislature added language to section 998 that is at issue in this case. This language requires that settlement offers include "a provision [allowing] the accepting party to indicate acceptance of the offer by signing a statement that the offer is accepted." (§ 998, subd. (b), as amended by Stats. 2005, ch. 706., § 13.) This amendment further provided that "[a]ny acceptance . . . shall be in writing and shall be signed by counsel for the accepting party or, if not represented by counsel, by the accepting party." (§ 998, subd. (b).) The purpose of this addition was to "eliminate uncertainty by removing the possibility that an oral acceptance might be valid." (*Puerta*

5

*v. Torres* (2011) 195 Cal.App.4th 1267, 1273 (*Puerta*).) We refer to this addition as section 998's acceptance provision requirement.

Although this requirement became effective in 2006, *Puerta* was apparently the first case to construe the new language. The offer at issue in *Puerta* undeniably "did not include any provision regarding acceptance; it simply offered a waiver of costs in exchange for dismissal, and stated the offer would remain open for 30 days." (*Puerta, supra*, 195 Cal.App.4th at p. 1271.) Employing "fundamental principles of statutory construction," the *Puerta* court reasoned that "at least *some* indication of how to accept is required by the amendment" and found the offer in that case invalid. (*Id.* at pp. 1272–1273.) *Puerta* thus established a commonsense rule derived from the plain language of subdivision (b) that section 998 offers must provide the offeree with *some* instruction on how to accept in order to satisfy the acceptance provision requirement.

But *Puerta* did not address the more difficult question posed in *Rouland, supra,* 220 Cal.App.4th 280, of whether an offer is valid if it gives instructions for acceptance, but fails to provide a clear place for counsel (or an unrepresented party) to sign in order to fulfill the more granular requirements for a valid acceptance. (§ 998, subd. (b) [any acceptance must be "in writing" and "signed"].) The offers[5] in *Rouland* stated, " 'If you accept this offer, please file an Offer and Notice of Acceptance in the above-entitled action prior to trial or within thirty (30) days after the offer is made.' " (*Rouland,* at p. 283.) There was no further indication that the acceptance needed to be in writing or signed by the offeree's attorney.

---

[5] As in this case, *Rouland* involved multiple settlement letters. (*Rouland, supra*, 220 Cal.App.4th at p. 283.)

From its survey of the relevant caselaw (including *Puerta, supra*, 195 Cal.App.4th 1267), *Rouland* distilled the principle that "failure to follow section 998's acceptance provision requirement invalidates the offer." (*Rouland, supra,* 220 Cal.App.4th at p. 286.)  Even so, the *Rouland* court commented that these decisions "do not provide clear guidance on how to satisfy that requirement." (*Ibid.*)  And while it made clear "no ' "magic language" ' or specific format is required for either an offer or acceptance under section 998," *Rouland* also explained that, at a minimum, the "offer's acceptance provision simply must specify the manner in which the offer is to be accepted," and these instructions must necessarily incorporate "a written acceptance signed by the accepting party or its counsel" according to the terms of section 998, subdivision (b).  (*Rouland,* at p. 288.)[6]

Applying these principles to the offers before it, the *Rouland* court concluded that they "satisfied section 998's acceptance provision requirement because they informed the Roulands how to accept the offers (file an ' "Offer and Notice of Acceptance" ' with the trial court) and the identified means of acceptance satisfied the statute's requirements for a valid acceptance (a writing signed by the Roulands' counsel)." (*Rouland, supra,* 220 Cal.App.4th at p. 288.)  Although the court "recognize[d] the offers did not expressly require a written acceptance signed by the Roulands' counsel," it reasoned that the "requirement [was] implicit in the offers' identified means of acceptance because any acceptance the Roulands sought to file with the court necessarily would have to be in writing and signed by their counsel." (*Ibid.*) *Rouland*'s holding thus approved of acceptance provisions in 998 offers that

_____

[6]     The *Rouland* court applied de novo review to determine if the offers before it contained a valid acceptance provision under section 998, and we do the same because the terms of Finlan's offers are undisputed. (*Rouland, supra*, 220 Cal.App.4th at p. 285.)

7

provide clear instructions on how to accept by means that would necessarily involve the offeree's written acceptance and signature.  This is all that the *Rouland* court meant when it stated that "the steps for completing the acceptance may be implicit in the identified means of acceptance."  (*Rouland,* at p. 288.)

The trial court in this case seems to have misconstrued the scope of the "implied" means of acceptance approved in *Rouland*.  After discussing that case, the court concluded that Finlan's offers were "not silent as to how [they were] to be accepted" because they "explicitly referr[ed] to [§ 998]" and, in doing so, "encompassed the provisions of that statute which state that acceptance shall be made either in writing on the offer or in a separate document and shall be signed by counsel for the accepting party [(§ 998, subd. (b))]."  But subdivision (b) provides instructions to the *offering* party about what a written offer must contain, including some direction to the offeree as to how to accept, and the necessary conditions of a legally valid acceptance. A mere reference to the code section cannot supply an acceptance provision that would otherwise be entirely missing, and *Rouland* in no way suggests that it can.

Furthermore, a rule that the acceptance provision could be satisfied by a simple reference to section 998 alone would undermine the particulars listed in subdivision (b) by the Legislature, and contravene the fundamental principle of statutory interpretation that "[c]ourts should give meaning to every word of a statute if possible, and should avoid a construction making any word surplusage."  (*Arnett v. Dal Cielo* (1996) 14 Cal.4th 4, 22.)  Of equal concern is that such a rule would undermine the numerous and consistent prior decisions holding that section 998 offers must contain an explicit acceptance provision.  As this court has succinctly observed, "It is well settled

8

that if an offer fails to include an acceptance provision, the offering party may not obtain the benefits of [section 998]." (*Bigler-Engler v. Breg, Inc.* (2017) 7 Cal.App.5th 276, 331 (*Bigler-Engler*).)

Although no party in these prior cases made the incorporation-by-reference argument advanced by Finlan here, we can infer that most—if not all—of the scrutinized offers contained some reference to section 998, but were nonetheless statutorily invalid because they lacked clear acceptance provisions. (See *Bigler-Engler, supra,* 7 Cal.App.5th at pp. 285, 331 [concluding that a "pretrial settlement offer under Code of Civil Procedure section 998" that lacked an acceptance provision was invalid]; *Perez, supra,* 206 Cal.App.4th at pp. 421, 425 [analyzing "a section 998 offer to settle" without an acceptance provision and adopting "a bright-line rule invalidating an offer when it omits an acceptance provision, or any other statutorily required provision"]; *Boeken v. Philip Morris USA Inc.* (2013) 217 Cal.App.4th 992, 996, 1004 (*Boeken*) [plaintiff who "served on [defendant] an offer to allow judgment under section 998" without an acceptance provision did not meet the statutory requirements].)[7]

Finlan advances one other theory of an implied acceptance provision in an attempt to salvage her offers. She singles out the sentence that indicated

---

[7] Given what we can glean from the descriptions of the offers in these cases, which are admittedly sparse, Finlan's offers might come close to mirroring the language used in *Boeken, supra*, 217 Cal.App.4th 992, which did not have an acceptance provision. But the origin of the offer language used in *Boeken* and in this case might trace back to *Berg v. Darden* (2004) 120 Cal.App.4th 721, where the court clarified that section 998 offers were valid so long as the offer was written, clearly "made under section 998 and, if accepted, will result in the entry of judgment" or a legal equivalent. (*Berg*, at pp. 731–732.) But of course, *Berg* predates the changes to section 998 that occurred in 2006. As such, *Berg's* description of what constitutes a valid offer can no longer be relied on.

her proposed settlement sum could be "paid by said defendant MICHAEL CHASE and to allow judgment to be entered in favor of said plaintiff . . . ." As Finlan frames it, this process of "allow[ing] judgment to be entered" falls into the same category as the valid offer in *Rouland*, because it necessitates a judgment in writing that would be signed by counsel.

It is not entirely clear why Finlan takes the position that a judgment would necessarily be signed by Chase's counsel. She cites no authority for such a proposition, and we know of no requirement that a judgment be signed by the parties.[8] Moreover, even if that were a precondition for a judgment, Finlan's argument fails because her offer contains *no instructions* at all as to the manner of acceptance. The key to *Rouland*'s holding is that the offer in that case contained explicit instructions on how to accept—by filing an Offer and Notice of Acceptance with the trial court—that in turn necessarily required that the acceptance be memorialized with the signature of counsel. (*Rouland, supra*, 220 Cal.App.4th at p. 288.) Here, in contrast, there was no instruction for acceptance that would produce a document enshrining the acceptance in writing with counsel's signature.

In short, a reference to the offeree "allow[ing] judgment to be entered" in a letter proposing a settlement is not the same thing as providing instructions that offerees can follow if they wish to accept such an offer. There were no acceptance provisions in Finlan's letters and, as a result, we must reverse the parts of the trial court's order that were predicated on Chase's rejection of a valid section 998 offer.

---

[8] Perhaps Finlan had in mind a proposed judgment that the parties would prepare and submit to the trial court. (See, e.g., *Ironridge Global IV, Ltd. v. ScripsAmerica, Inc.* (2015) 238 Cal.App.4th 259, 263; § 664.6.) In that case, Finlan's offer letters could have directed Chase to prepare such a judgment or sign one that she prepared and provided. They did neither.

## DISPOSITION

The October 26, 2020 postjudgment order on costs and prejudgment interest is reversed in part with directions to enter a new order (1) granting Chase's motion to tax costs insofar as it included Finland's postoffer costs for her expert witnesses, and (2) striking prejudgment interest on her award.  In all other respects, the order is affirmed.  Chase shall recover his costs on appeal.


DATO, J.

WE CONCUR:


McCONNELL, P. J.


DO, J.


11