[No. F061214. Fifth Dist. May 24, 2012.]

MARTA L. PEREZ, Plaintiff and Respondent, v.
GUSTAVO DAVALOS TORRES, Defendant and Appellant.

420

COUNSEL

Horvitz & Levy, Stephen E. Norris, Andrea A. Ambrose; Gordon & Rees, Jewel Kolling Basse and Charles S. Custer for Defendant and Appellant.

Reed Smith, Margaret M. Grignon, Raymond A. Cardozo and Zareh A. Jaltorossian for Plaintiff and Respondent.

OPINION

**CORNELL, J.**—Marta L. Perez was injured when the vehicle in which she was riding was struck by a vehicle driven by Gustavo Davalos Torres. The jury returned a verdict in Perez's favor. Thereafter, Torres filed a memorandum of costs claiming that he had made a valid offer pursuant to Code of Civil Procedure section 998 (hereafter section 998)[1] for more than Perez recovered at trial. The trial court found the section 998 offer was invalid because it failed to include a statutorily required acceptance provision and granted Perez's motion to tax all of the costs sought by Torres. Torres asserts the trial court erred in finding his section 998 offer was invalid and in granting Perez's motion to tax costs. We disagree and affirm the order.

## FACTUAL AND PROCEDURAL SUMMARY

This is an appeal from an order made after judgment was entered. Thus, the underlying facts, for the most part, are not relevant to the issue before us.[2]

Relevant here is that Torres made a section 998 offer to settle the case against Perez for $100,000.49. Perez did not accept the offer. The jury returned a verdict in favor of Perez for $77,986 in compensatory damages and for $1,400 in punitive damages. Thereafter, Torres filed his memorandum of costs pursuant to section 998. Perez moved to tax those costs and the trial court granted the motion, concluding the section 998 offer was invalid.

## DISCUSSION

The only issue is whether the section 998 offer made by Torres was valid. Resolution of this issue requires consideration of the right to recover costs in a civil action and the effect of section 998.

*Statutory Right to Recover Costs*

■ The right to recover costs is derived solely from statutes. In the absence of statutory authority, each party must pay his or her own costs. (*Davis v. KGO-T.V., Inc.* (1998) 17 Cal.4th 436, 439 [71 Cal.Rptr.2d 452, 950 P.2d 567].) ■ The general rule allowing recovery of costs is found in section 1032. (*Guerrero v. Rodan Termite Control, Inc.* (2008) 163 Cal.App.4th 1435, 1439 [78 Cal.Rptr.3d 344]; *Scott Co. v. Blount, Inc.* (1999)

---

[1] All further statutory references are to the Code of Civil Procedure.

[2] The underlying facts are discussed in more detail in the appeal from the judgment in our partially published opinion filed May 24, 2012 (*Landeros v. Torres* (2012) 206 Cal.App.4th 398 [141 Cal.Rptr.3d 744]).

20 Cal.4th 1103, 1108 [86 Cal.Rptr.2d 614, 979 P.2d 974] (*Scott Co.*) ["Section 1032 is the fundamental authority for awarding costs in civil actions."].) Section 1032 requires the trial court to award costs to the prevailing party in any action or proceeding, "[e]xcept as otherwise expressly provided by statute." (*Id.*, subd. (b).) Section 1033.5 identifies the costs that are recoverable under section 1032. ■ Under section 1033.5, subdivision (b)(1), fees paid to experts retained by the parties are not recoverable costs.

### Section 998

■ "Section 998 modifies the general rule of section 1032 . . . ." (*Scott Co., supra*, 20 Cal.4th at p. 1112.) Section 998, subdivision (a) states: "The costs allowed under Sections 1031 and 1032 shall be withheld or augmented as provided in this section." Costs are augmented pursuant to section 998 when an offer to compromise is rejected and the rejecting party fails to achieve a better outcome at trial. In this situation, " 'section 998 establishes a procedure for shifting the costs upon a party's refusal to settle' " (*Westamerica Bank v. MBG Industries, Inc.* (2007) 158 Cal.App.4th 109, 128 [70 Cal.Rptr.3d 125]) by "expand[ing] the number and type of recoverable costs and fees over and above those permitted by section 1032[, subdivision] (b)" (*Murillo v. Fleetwood Enterprises, Inc.* (1998) 17 Cal.4th 985, 1000 [73 Cal.Rptr.2d 682, 953 P.2d 858]).

■ In the circumstances of this case, where the plaintiff refuses the defendant's offer and then fails to obtain a more favorable judgment, the plaintiff is precluded from recovering his or her costs incurred after the offer was made, and the defendant is entitled to recover his or her costs incurred after the offer was made. (§ 998, subd. (c)(1).) In addition, the trial court has discretion to order the plaintiff to pay the costs the defendant incurred for the services of expert witnesses. (*Ibid.*) These provisions were the basis on which Torres relied when he filed his memorandum of costs.

■ Torres concedes, however, that his offer did not comply with all the requirements of section 998, which requires the offer to include "a statement of the offer, containing the terms and conditions of the judgment or award, *and a provision that allows the accepting party to indicate acceptance of the offer by signing a statement that the offer is accepted.*" (*Id.*, subd. (b), italics added.) (This provision is referred to throughout this opinion as the acceptance provision.) Torres failed to include the acceptance provision in his offer.

Torres contends, however, that the omission was harmless and should not have been interpreted to invalidate the offer. Torres argues that to conclude otherwise would elevate form over substance, thereby defeating the legislative intent behind section 998. "[T]he Legislature adopted [section 998] to

encourage early settlement of lawsuits to avoid the time delay and economic waste of trial, and to reduce the number of meritless lawsuits by requiring the losing party to pay the costs incurred by the prevailing party." (*Culbertson v. R. D. Werner Co., Inc.* (1987) 190 Cal.App.3d 704, 711 [235 Cal.Rptr. 510]; see *T. M. Cobb Co. v. Superior Court* (1984) 36 Cal.3d 273, 280 [204 Cal.Rptr. 143, 682 P.2d 338] ["the clear purpose of section 998 . . . is to encourage the settlement of lawsuits prior to trial"].) "Section 998 achieves its aim by punishing a party who fails to accept a *reasonable* offer from the other party. [Citations.]" (*Elrod v. Oregon Cummins Diesel, Inc.* (1987) 195 Cal.App.3d 692, 699 [241 Cal.Rptr. 108]; see *Taing v. Johnson Scaffolding Co.* (1992) 9 Cal.App.4th 579, 583 [11 Cal.Rptr.2d 820].) The trial court's conclusion, Torres argues, defeated the goal of encouraging early settlements of lawsuits because Perez was not punished when she rejected a reasonable offer to settle the case before trial.

### *Puerta v. Torres*[3]

Torres admits that his position is contrary to the holding in *Puerta* but asserts that *Puerta* is distinguishable. Puerta represented himself in a suit against the defendant for injuries sustained in an automobile accident. The defendant prevailed at trial and the trial court awarded the defendant her costs pursuant to section 998. Puerta argued the trial court erred in awarding section 998 costs to the defendant because the offer did not contain an acceptance provision and thus was invalid.

The appellate court acknowledged the line of cases that found a section 998 offer valid when the terms were clear and understandable, even if the offer did not follow the statute's language precisely. (See, e.g., *Berg v. Darden* (2004) 120 Cal.App.4th 721 [15 Cal.Rptr.3d 829] [§ 998 offer that failed to indicate how case would be resolved (by entry of judgment or dismissal) is valid because statute provides for entry of judgment].) The appellate court, however, also concluded that one of "the most fundamental principles of statutory construction" was implicated. (*Puerta, supra,* 195 Cal.App.4th at p. 1272.) Specifically, if the language of the statute is clear and unambiguous, appellate courts must follow the plain meaning of the statute. (*Silicon Valley Taxpayers' Assn., Inc. v. Santa Clara County Open Space Authority* (2008) 44 Cal.4th 431, 444 [79 Cal.Rptr.3d 312, 187 P.3d 37].) Finding this fundamental principle "more persuasive" (*Puerta,* at p. 1272), the appellate court held that since an acceptance provision was required by the plain language of section 998, its omission invalidated the offer (*Puerta,* at p. 1273).

---

[3] *Puerta v. Torres* (2011) 195 Cal.App.4th 1267 [124 Cal.Rptr.3d 922] (*Puerta*).

Torres argues that *Puerta* was decided correctly because the plaintiff represented himself. Perez, on the other hand, was represented by counsel, who undoubtedly was familiar with section 998 and knew how to accept the offer. Therefore, according to Torres, strict compliance with the statute was unnecessary. We disagree.

■ Section 998 does not state that an acceptance provision is required only if the opposing party is not represented by an attorney. The plain language of the statute requires *all* offers to contain an acceptance provision.[4] Indeed, nowhere in section 998 is there an attempt to treat unrepresented parties and represented parties differently.

■ Nor did the appellate court in *Puerta* rely on the plaintiff's unrepresented status in reaching its conclusion. Instead, the appellate court reached its conclusion because appellate courts cannot ignore the plain meaning of a statute to achieve a *more desirable* result.

### *Poster v. Southern Cal. Rapid Transit Dist.*[5]

The main case cited by Torres does not persuade us otherwise. In *Poster* the issue was whether a counteroffer automatically revoked a section 998 offer, as is the general rule in contract cases. Section 998 was silent on the issue of whether a counteroffer would result in the original offer automatically being revoked. (*Poster, supra,* 52 Cal.3d at pp. 270–271.) The Supreme Court held that general contract principles could be used to interpret section 998 where " 'such principles neither conflict with the statute nor defeat its purpose' " (*Poster,* at p. 271), but application of the contract principle that a counteroffer revokes an offer in the context of section 998 would be "likely to discourage settlements and to confuse the determination regarding imposition of costs" (*Poster,* at pp. 271–272). Therefore, the Supreme Court concluded that the "legislative purpose of section 998 is better served by the bright line rule" that a counteroffer does not revoke a section 998 offer. (*Poster,* at p. 272.)

■ Torres acknowledges that section 998 requires an offer to include an acceptance provision but points out the statute is silent about the remedy when an acceptance provision is omitted. This silence, according to Torres, renders the statute vague, thereby permitting us to rely on legislative intent to

---

[4] Since we rely on the plain language of the statute, we deny Perez's motion for judicial notice of the legislative history of the 2005 amendment to section 998, subdivision (b), which added the acceptance clause and made other changes to the subdivision. (Stats. 2005, ch. 706, § 13, p. 5651.)

[5] *Poster v. Southern Cal. Rapid Transit Dist.* (1990) 52 Cal.3d 266 [276 Cal.Rptr. 321, 801 P.2d 1072] (*Poster*).

fashion a remedy. Since the legislative intent is to encourage settlements by penalizing parties that reject reasonable settlement offers, Torres contends we should review the omission of an acceptance provision for prejudice by determining if the error was harmless. Since a represented party is charged with the knowledge of his or her agent, Torres claims the omission here is harmless as an attorney knows, or should know, how to accept a section 998 offer.

In other words, Torres asks us to "interpret" section 998 to require an acceptance provision only when a party is unrepresented, thus rendering the acceptance provision requirement a nullity in the vast majority of cases in which a section 998 offer is made. *Poster* does not support, or suggest, that we may ignore the plain meaning of a statute in the guise of "interpreting" a statute. Instead, *Poster* dealt with an issue that was not addressed in the statute.

Nor does logic support Torres's argument. Section 998, subdivision (b) not only requires the offer to include an acceptance provision, but it also requires all offers and acceptances to be in writing. If we were to conclude that omission of the statutorily required acceptance provision is harmless, logic would dictate that the failure to comply with other statutory requirements would be subject to a prejudice determination using a harmless error analysis. Using Torres's logic, when the parties are represented, the failure to make a written offer would be found harmless, as would the failure to accept the offer in writing, or virtually any other omission of a statutory requirement. The result of Torres's logic would render all of the requirements of section 998 optional if the parties are represented by counsel because any failure to comply with the statute would be deemed harmless.

The exception urged by Torres would thereby swallow the rule. Uncertainty and confusion will become the rule. Attorneys will wonder if the omission of a statutorily required provision renders the offer or acceptance invalid or is merely a harmless error. Or an attorney may attempt to take advantage of the cost-shifting provisions by arguing that any omission in the offer was harmless, as Torres does in this case.

 Instead, as in *Poster*, we conclude the rule suggested by Torres would confuse the determination of costs, and a bright-line rule invalidating an offer when it omits an acceptance provision, or any other statutorily required provision, is the better rule.[6] The legislative purpose of this cost-shifting statute will be served best by requiring the parties to comply with the

---

[6] As in *Puerta*, we concede that our conclusion will not eliminate all potential issues regarding acceptance provisions. Section 998 does not require a particular form of acceptance provision and there "is room for interpretation as to how an appropriate statement regarding acceptance might be phrased." (*Puerta, supra,* 195 Cal.App.4th at p. 1273.) We simply reach

provisions the Legislature has deemed necessary. Such a bright-line rule will eliminate confusion and uncertainty. The use of Judicial Council form No. CIV-090, where applicable, would help. The resulting certainty will encourage settlements because each party will know how to reap the cost-shifting benefits of section 998, what must be included in a valid offer, and the potential consequences when an offer is rejected.

### Applicability of Section 475

Finally, Torres argues the trial court's order was erroneous because Perez never indicated she would have accepted the offer if it were valid. This argument also was rejected in *Puerta* because the offer was "invalid under the plain language of the statute, regardless of whether Puerta ever intended to accept the offer . . . ." (*Puerta, supra,* 195 Cal.App.4th at p. 1273.) A bright-line rule invalidating any offer that omits statutorily required elements means there is nothing for the receiving party to accept. Therefore, the receiving party is not required to show that he or she would have accepted a valid offer.

Torres cites section 475 as authority for this argument. That section requires the trial court to disregard any error in the pleadings if the substantial rights of the parties are not affected and prohibits reversal of a judgment or decree by reason of an error, unless it appears a different result would have been achieved in the absence of the error.[7] Assuming, arguendo, that section has some application to Torres's argument, we would reach the same conclusion because the omission, or error, affects the substantial rights of the parties.

Torres was attempting to recover $44,953.07 in costs from Perez. Perez did not have to reimburse these costs because of the invalid section 998 offer. If we concluded that the cost-shifting provisions of section 998 should be enforced, despite the invalidity of the offer, Perez would incur a $44,953.07 bill she is not otherwise obligated to pay. Clearly, this is a different result and affects Perez's substantial rights. Section 475 is not applicable in these circumstances.

---

the same conclusion as *Puerta* that to be valid a section 998 offer must include *some indication* of how to accept the offer. (*Puerta,* at p. 1273.)

[7] Section 475 states in full: "The court must, in every stage of an action, disregard any error, improper ruling, instruction, or defect, in the pleadings or proceedings which, in the opinion of said court, does not affect the substantial rights of the parties. No judgment, decision, or decree shall be reversed or affected by reason of any error, ruling, instruction, or defect, unless it shall appear from the record that such error, ruling, instruction, or defect was prejudicial, and also that by reason of such error, ruling, instruction, or defect, the said party complaining or appealing sustained and suffered substantial injury, and that a different result would have been probable if such error, ruling, instruction, or defect had not occurred or existed. There shall be no presumption that error is prejudicial, or that injury was done if error is shown."

## DISPOSITION

The order granting Perez's motion to tax Torres's cost bill is affirmed. Perez is awarded her costs on appeal.

Wiseman, Acting P. J., and Kane, J., concurred.