Filed 3/3/21

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| MOSTAFAVI LAW GROUP, APC, | B302344 |
| Plaintiff and Appellant, | Los Angeles County Super. Ct. No. BC565480 |
| v. | |
| LARRY RABINEAU, APC, et. al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Teresa A. Beaudet, Judge. Affirmed.

Mostafavi Law Group, Amir Mostafavi; Joseph S. Socher, for Plaintiff and Appellant.

Law Offices of Larry Rabineau, Larry Rabineau and Virginia Narian, for Defendants and Respondents.

# INTRODUCTION

The Legislature enacted Code of Civil Procedure[1] section 998 to encourage and expedite settlement of lawsuits before trial. To effectuate this purpose, the statute simultaneously promotes the extension and acceptance of reasonable pretrial offers to compromise. The "policy is plain. It is to encourage settlement by providing a strong financial disincentive to a party—whether it be a plaintiff or a defendant—who fails to achieve a better result than that party could have achieved by accepting his or her opponent's settlement offer. (This is the stick. The carrot is that by awarding costs to the putative settler the statute provides a financial incentive to make reasonable settlement offers.)" (*Bank of San Pedro v. Superior Court* (1992) 3 Cal.4th 797, 804.)

Section 998, subdivision (b) requires, among other things, that a party seeking to take advantage of the statute serve on an opposing party a written offer to have judgment entered on specified terms. Most important, for purposes of this appeal, the written offer "shall" contain what has come to be known as an "acceptance provision." (*Perez v. Torres* (2012) 206 Cal.App.4th 418, 422 (*Perez*); *Boeken v. Philip Morris USA Inc.* (2013) 217 Cal.App.4th 992, 1001 (*Boeken*).) Specifically, the statute states that the written offer "shall" include "a provision that allows the accepting party to indicate acceptance of the offer by signing a statement that the offer is accepted." (§ 998, subd. (b).)

A number of cases have addressed whether a section 998 offer without an acceptance provision is valid for purposes of triggering the statute's cost-shifting provisions when the offer is

---

1    All undesignated statutory references are to the Code of Civil Procedure.

not accepted. This case poses an issue of first impression: whether the purported *acceptance* of a section 998 offer lacking an acceptance provision gives rise to a valid judgment.

Here, defendants and respondents Larry Rabineau, APC, and Larry Rabineau (collectively, "Rabineau") served plaintiff and appellant Mostafavi Law Group (MLG) with a statutory offer to compromise. The offer did not specify how MLG could accept it. Nevertheless, MLG's counsel hand-wrote MLG's acceptance onto the offer itself and filed a notice of acceptance with the trial court. Thereafter, the court entered judgment in favor of MLG pursuant to section 998, subdivision (b)(1).

Rabineau filed a motion to vacate the judgment under section 473, subdivision (d). He argued his section 998 offer was invalid because it lacked an acceptance provision. Consequently, Rabineau contended, the judgment stemming from the offer's acceptance was void and should be set aside. The trial court agreed and granted Rabineau's motion.

On appeal, MLG contends the trial court erred by vacating the judgment because its ruling: (1) lacks support in caselaw; (2) contradicts the policies and purposes underlying section 998; and (3) violates principles of contract law and equity.

For the reasons discussed below, we conclude the trial court correctly found the judgment was void. Accordingly, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

In November 2015, plaintiff Amir Mostafavi and his law firm, MLG, filed their operative complaint, which asserted a claim for defamation per se, among others, against Rabineau. The case was litigated extensively over the next several years.

Although the parties attended a mediation on May 28, 2019, they were unable to settle.

On May 31, 2019, Rabineau served MLG with a "Statutory Offer to Compromise" pursuant to section 998. The offer stated, in its entirety: "TO PLAINTIFF, MOSTAFAVI LAW GROUP, AND TO ITS COUNSEL OF RECORD: [¶] Pursuant to *California Code of Civil Procedure* §998 [sic], Defendant [sic], LAW OFFICES OF LARRY RABINEAU AND LARRY RABINEAU, offer to compromise the above-entitled action for the sum of $25,000.01. [¶] PLEASE TAKE NOTICE that if this Offer to Compromise is *not* accepted within the time specified by §998 [sic] of the *Code of Civil Procedure* and Plaintiff fails to obtain a more favorable judgment, Plaintiff is not entitled to recover court costs (despite being a 'prevailing party') and must pay the offering defendants' costs from the time of the offer." (Italics and underlines in original.)

On June 20, 2019, Mostafavi, acting as MLG's counsel, hand-wrote the following onto the section 998 offer: "Plaintiff Mostafavi Law Group, APC accepts the offer." That same day, MLG filed a notice of the offer's acceptance, along with proof thereof, with the trial court and sent a copy to Rabineau. After receiving MLG's notice of acceptance, on June 21, 2019, Rabineau told MLG he would "draft and send . . . a settlement agreement for . . . signature" before paying the settlement amount.

On June 28, 2019, the trial court entered judgment in favor of MLG pursuant to section 998.[2] Three days later, MLG sent a

---

2 Section 998, subdivision (b)(1) states: "If the offer is accepted, the offer with proof of acceptance shall be filed and the clerk or the judge shall enter judgment accordingly."

copy of the judgment to Rabineau and requested "timely payment according to the judgment." In response, Rabineau reiterated that before remitting payment, he "require[d] [MLG] to sign a settlement agreement," under which "[e]ach party [would] bear [its] own fees and costs."

Soon thereafter, the parties got into a dispute over whether MLG could enforce the judgment, and thereby require Rabineau to pay the amount set forth in the section 998 offer, even though it had not signed any proposed settlement agreement. When they were unable to resolve the matter, Rabineau filed a motion to set aside the judgment under section 473, subdivision (d).[3] He argued: "The [section] 998 [offer] [MLG] accepted did not have an acceptance provision and is therefore invalid. As such, the judgment that was entered pursuant to [MLG's] acceptance of the [section] 998 [offer] is void." Rabineau argued in the alternative that if the trial court found the offer was valid, it should amend the judgment to include both MLG and Mostafavi. On this point, Rabineau asserted MLG was Mostafavi's alter ego, and that "[a]n absolute injustice would occur if the [trial court] finds the judgment for $25,000 against [Rabineau] valid and still permits Mr. Mostafavi to proceed to trial" against him.[4]

---

3    Section 473, subdivision (d) provides, in relevant part: "The court . . . may, on motion of either party after notice to the other party, set aside any void judgment or order."

4    Mostafavi was both a plaintiff in his own right, and counsel for his law firm, MLG. Rabineau's section 998 offer, however, was directed only to MLG, not Mostafavi. And the judgment was entered only in favor of MLG, not Mostafavi himself. Mostafavi is not a party to this appeal.

5

Following a hearing, the trial court granted Rabineau's motion. Explaining the rationale behind its ruling, the court stated: "The Court notes that neither party cites to any case dealing with the situation where a defective section 998 offer was actually accepted. Therefore, without any authority to the contrary, the Court follows the rule as set forth in [*Puerta v. Torres* (2011) 195 Cal.App.4th 1267 (*Puerta*)]—'the manner of acceptance must be indicated in the offer.' [Citation.] Moreover, where a section 998 offer is found to be invalid, any portion of a judgment that results from the section 998 offer is similarly invalid. [Citation.] Because the Judgment was entered pursuant to section 998, and in particular, Code of Civil Procedure section 998, subdivision (b)(1), the Court finds that the Judgment is appropriately set aside as void." (Footnotes omitted.) The trial court also rejected Rabineau's contention that MLG was Mostafavi's alter ego, noting it was not supported by sufficient evidence and "a number of the trial documents prepared by the parties in this case indicate that there was ambiguity on both sides as to who were the remaining parties in this matter."

MLG timely appealed.

## DISCUSSION

## I.     Statutory Framework and Standard of Review

"Section 998 concerns pretrial offers to compromise." (*Puerta*, *supra*, 195 Cal.App.4th at p. 1270.) The statute "was designed to encourage settlement of disputes through a straightforward and expedited procedure." (*Bias v. Wright* (2002) 103 Cal.App.4th 811, 819.)

Pursuant to section 998, subdivision (b): "Not less than 10 days prior to commencement of trial . . . , any party may serve an

offer in writing upon any other party to the action to allow judgment to be taken or an award to be entered in accordance with the terms and conditions stated at that time. The written offer shall include a statement of the offer, containing the terms and conditions of the judgment or award, and a provision that allows the accepting party to indicate acceptance of the offer by signing a statement that the offer is accepted. Any acceptance of the offer, whether made on the document containing the offer or on a separate document of acceptance, shall be in writing and shall be signed by counsel for the accepting party[.]"

"If the offer is accepted, the offer with proof of acceptance shall be filed and the clerk or the judge shall enter judgment accordingly." (§ 998, subd. (b)(1).) However, "[i]f an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment or award, the plaintiff shall not recover his or her postoffer costs and shall pay the defendant's costs from the time of the offer." (§ 998, subd. (c)(1).) The trial court also has discretion to "require the plaintiff to pay a reasonable sum to cover postoffer costs of the services of expert witnesses[.]" (*Ibid.*)

Where, as here, "the issue to be decided [on appeal] is purely one of statutory construction, the question is one of law subject to our de novo review. [Citation.]" (*People v. Superior Court (Ortiz)* (2004) 115 Cal.App.4th 995, 999, overruled on other grounds in *People v. Watson* (2007) 42 Cal.4th 822, 831.)

## II.     Arguments Based on Caselaw and Policy

As noted above, section 998, subdivision (b) provides, in pertinent part: "The written offer *shall* include . . . a provision that allows the accepting party to indicate acceptance of the offer

7

by signing a statement that the offer is accepted." (Emphasis added.)

MLG concedes Rabineau's section 998 offer "did not have any statement at all regarding acceptance," and thus did not comply with the statutory language requiring an acceptance provision. Nevertheless, MLG maintains the judgment is valid and enforceable because the terms of the offer were clear and unambiguous and MLG accepted the offer in writing. In other words, MLG appears to contend that because it accepted the offer in writing, the offer's omission of an acceptance provision was harmless, as the "sole purpose" of requiring section 998 offers to contain such a provision is "to make it clear that written acceptance is required." In support of its position, MLG emphasizes: (1) prior caselaw did not address the validity of a judgment following the acceptance of a section 998 offer lacking an acceptance provision; and (2) section 998's "goals of eliminating uncertainty, requiring written acceptance, and encouraging settlement would be defeated by a rule which voided the [judgment] where the offeree has communicated an unqualified, written acceptance of a clear and unambiguous offer."

Like MLG, we have not located any California appellate court decisions addressing the validity of a judgment stemming from acceptance of a section 998 offer lacking an acceptance provision. Nevertheless, we conclude the trial court's ruling—that such a judgment is void—has ample support in existing caselaw and accepted principles of statutory construction.

In *Puerta*, the Court of Appeal addressed whether a section 998 offer without an acceptance provision is valid for purposes of triggering the cost-shifting provisions set forth in section 998,

8

subdivision (c). (*Puerta, supra,* 195 Cal.App.4th at p. 1269.) In resolving this issue, the court applied two "fundamental principles of statutory construction": (1) where statutory language is clear and unambiguous, courts must give effect to its plain meaning; and (2) courts generally construe the word "shall" as mandatory. (*Id.* at pp. 1272-1273.) Based on those principles, the court held section 998, subdivision (b) "sets forth two mandatory requirements about what *shall* be included in a section 998 offer: the offer shall be written, and it shall contain a provision stating that the recipient can accept the offer 'by signing a statement that the offer is accepted.'" (*Id.* at p. 1273.) The court concluded that because "[t]he offer at issue . . . contained nothing regarding acceptance, only the terms of the offer itself and its expiration date," the offer was "invalid under the plain language of the statute[.]" (*Ibid.*)

California appellate courts have consistently followed *Puerta* to hold that a section 998 offer lacking an acceptance provision is invalid, and therefore an offeree's failure to accept it does not trigger any of section 998's cost-shifting provisions.[5] (See, e.g., *Perez, supra,* 206 Cal.App.4th at p. 424 [defendant's section 998 offer was invalid because "the plain language of the statute requires *all* offers to contain an acceptance provision"]; *Boeken, supra,* 217 Cal.App.4th at p. 1004 ["Because [plaintiff's] section 998 offer did not include the required acceptance

---

5 Section 998, subdivisions (c) and (e) govern cost-shifting where "an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment or award[.]" (§ 998, subds. (c) & (e)). Subdivision (d) applies where "an offer made by a plaintiff is not accepted and the defendant fails to obtain a more favorable judgment or award[.]" (*Id.*, subd. (d).)

provision, the offer was invalid. [Citations.]"]; *Bigler-Engler v. Breg, Inc.* (2017) 7 Cal.App.5th 276, 331 [plaintiff was not entitled to costs under section 998 because her offer "did not include an acceptance provision" and "therefore did not comply with the statute"].)

The trial court's application of these cases—which involved *rejection* of a section 998 offer without an acceptance provision—to this case—which involves acceptance of such an offer—is a logical extension of their holdings. It also is consistent with section 998's language and structure. Section 998, subdivision (b) sets forth the mandatory requirements that an offer and acceptance must satisfy in order to be valid under the statute. (See § 998, subd. (b).) When those requirements are met, subdivisions (b)(1) and (c) through (e) delineate the consequences that may follow depending on whether the offer is accepted (entry of judgment) or not (cost-shifting). (See *id.*, subds. (b)(1) & (c)-(e).) If failure to accept an offer lacking an acceptance provision does not trigger the cost-shifting consequences set forth in subdivisions (c) through (e) (*Puerta, supra*, 195 Cal.App.4th at p. 1273; *Boeken, supra*, 217 Cal.App.4th at p. 1004), then purported acceptance of such a defective offer likewise cannot trigger the consequences in subdivision (b)(1) and give rise to an enforceable judgment. This is so because where a section 998 offer is invalid based on its failure to satisfy all of the "statutorily required elements[,] . . . there is nothing for the receiving party to accept" in the first place. (*Perez, supra*, 206 Cal.App.4th at p. 426.)

This conclusion is supported by *Saba v. Crater* (1998) 62 Cal.App.4th 150 (*Saba*). While *Saba* was based on a prior version of section 998 that did not require offers to include an acceptance

10

provision, the opinion is instructive on the validity of a judgment stemming from the acceptance of a defective offer. (*Id.* at p. 153.)

In *Saba*, the defendant's counsel made a section 998 offer orally on the record at a deposition. (*Saba, supra,* 62 Cal.App.4th at p. 152.) After failing to obtain a formal written offer after the deposition, the plaintiff's counsel served the defendant with a written acceptance and moved for entry of judgment pursuant to section 998, subdivision (b)(1). (*Ibid.*) The trial court found that "a valid section 998 offer had been made and accepted" and entered judgment in the plaintiff's favor. (*Ibid.*) The Court of Appeal reversed, holding the judgment was defective because, among other things, the offer was not in writing as required by statute. (*Id.* at pp. 153-154.) *Saba* therefore demonstrates acceptance of an offer that fails to comply with all of section 998's requirements does not result in a valid judgment. (See *ibid.*)

Additionally, we reject MLG's contention that a rule requiring offers to include an acceptance provision in order to give rise to an enforceable judgment under section 998, subdivision (b)(1) will defeat the statute's goals of "eliminating uncertainty" and "encouraging settlement." On the contrary, it is an application of the "bright-line rule" articulated in *Perez*, which "require[s] the parties to comply with the provisions [of section 998] the Legislature has deemed necessary" by "invalidating an offer when it omits an acceptance provision, or any other statutorily required provision[.]" (*Perez, supra,* 206 Cal.App.4th at pp. 425-426.) Contrary to MLG's argument, we agree with the *Perez* court that adherence to this "bright-line rule will eliminate confusion and uncertainty" and "encourage settlements[.]" (*Id.* at p. 426.) Specifically, consistent application of this rule will ensure parties can efficiently discern: (1) whether an offer extended or

11

received is valid and capable of acceptance based on its compliance with all of section 998's requirements; (2) the specific actions that must be taken to accept an offer, as defined by the offeror; and (3) the consequences that may flow from an offer's acceptance or rejection. Adopting a rule requiring section 998 offers to include an acceptance provision to be valid, whether they are rejected or accepted, adds consistency and predictability to section 998's operation. This may incentivize litigants to utilize this "straightforward and expedited procedure" to settle disputes before trial. (*Bias v. Wright*, *supra*, 103 Cal.App.4th p. 819.)[6]

### III.   Arguments Based on Contract Principles and Equity

#### A.     Contract Principles

MLG contends we should apply "pure contract principles" to conclude the judgment is valid. Specifically, MLG argues that because Rabineau's offer was "unambiguous" and its acceptance was "clear and unqualified," the parties exhibited a "clear intent" to enter into a "binding agreement" for entry of judgment under section 998, subdivision (b)(1); consequently, it asserts, the

---

6      We note that had Rabineau's section 998 offer contained an acceptance provision, and had it been accepted in accordance with that provision, Rabineau could not have later conditioned payment of the settlement funds on MLG's execution of a settlement agreement containing terms not specified in the offer, as he tried to do in this case. Rabineau's attempt to introduce additional terms outside of the offer is inconsistent with the plain language of section 998, subdivision (b), which requires the offer itself to "contain[] the terms and conditions of the judgment or award."

"resulting judgment is cannot [sic] be voided." Put differently, MLG contends "pure contract principles" require the conclusion that the offer was valid and capable of giving rise to an enforceable judgment under section 998, notwithstanding its omission of an acceptance provision. We are not convinced.

Our Supreme Court has acknowledged that, "[b]ecause the process of settlement and compromise is a contractual one, [general contract law] principles may, in appropriate circumstances, govern the offer and acceptance process under section 998. [Citation.]" (*Martinez v. Brownco Construction Co.* (2013) 56 Cal.4th 1014, 1020.) The Supreme Court has made clear, however, that these principles should not apply where, as here, their "application would conflict with section 998 . . . . [Citation.]" (*Ibid.*) Specifically, as the trial court correctly noted, application of general contract principles to conclude a section 998 offer is valid, even if it does not have an acceptance provision, would conflict with the language of section 998, which clearly provides otherwise. (See § 998, subd. (b); see also *Perez*, *supra*, 206 Cal.App.4th at p. 424, fn. omitted ["The plain language of [section 998] requires *all* offers to contain an acceptance provision."].)

Additionally, relying on Civil Code section 1654, MLG contends we should conclude the offer was valid because Rabineau drafted it, and should be held responsible for any "ambiguity" regarding its validity. Section 1654 of the Civil Code states: "In cases of uncertainty not removed by the preceding rules, the *language* of a contract should be interpreted most strongly against the party who caused the uncertainty to exist." (Emphasis added.) This interpretive rule has no relevance here, however, as MLG does not point to any ambiguity in the terms of

13

the offer which would require further construction. Indeed, as noted above, MLG asserts on appeal that the offer "was unambiguous."

## B.   Equity

Relying on "principles of . . . equity," MLG contends the judgment should be enforced because to hold otherwise would allow Rabineau to unfairly benefit from his own "drafting errors" and "avoid the duties and consequences of [his] own offer based on a technical deficiency [he himself] created." Again, we are not persuaded.

As an initial matter, we note Rabineau acknowledges he made several errors in drafting the section 998 offer, including failing to include an acceptance provision and failing to direct the offer to both plaintiffs listed on the operative complaint. But we disagree with MLG's conclusion that we should overlook Rabineau's failure to comply with a statutory requirement based entirely on its view of what is fair. Instead, stare decisis and common tenants of statutory construction direct us to adhere to the clear statutory requirement of an acceptance provision "without regards to what occurred in this particular case or the tactics of a party." (*Boeken*, *supra*, 217 Cal.App.4th at p. 1004). We "cannot ignore the . . . statute to achieve a more desirable result." (*Perez*, *supra*, 206 Cal.App.4th at p. 424, italics omitted.)

Finally, MLG asserts Rabineau should be equitably estopped from challenging the validity of judgment. Arguably, this argument has been forfeited, as MLG did not raise it before the trial court. (See *Bigler-Engler v. Breg, Inc.*, *supra*, 7 Cal.App.5th at pp. 331-332.) In any event, because the judgment

14

MLG seeks to enforce is the product of section 998, we are not convinced that the doctrine of equitable estoppel can be used to escape the statute's requirements. Moreover, MLG has not shown the elements of equitable estoppel have been satisfied, as the record does not reflect Rabineau made any misrepresentations of material fact to MLG, or that MLG relied on any such misrepresentations to its detriment. (See *Simmons v. Ghaderi* (2008) 44 Cal.4th 570, 584 [application of equitable estoppel requires satisfaction of *all* of the following elements: "(a) a representation or concealment of material facts; (b) made with knowledge, actual or virtual, of the facts; (c) to a party ignorant, actually and permissibly, of the truth; (d) with the intention, actual or virtual, that the ignorant party act on it; and (e) that party was induced to act on it. [Citation.]"].)

## DISPOSITION

The order vacating the judgment is affirmed. Respondents shall recover their costs on appeal.

## CERTIFIED FOR PUBLICATION


CURREY, J.


WE CONCUR:


WILLHITE, Acting P. J.


COLLINS, J.

16