Filed 5/11/26

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE


| | |
|---|---|
| J.N. et al., | B345334 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. 24SMCV02941) |
| v. | |
| JEFFREY GOLDBERG, | |
| Defendant and Respondent. | |


APPEAL from a judgment of the Superior Court of Los Angeles County, Edward B. Moreton, Jr., Judge. Reversed and remanded with directions.

Sorrentino & Associates, Paul F. Sorrentino and Vincent P. Sorrentino for Plaintiffs and Appellants.

Gutman Law, Alan S. Gutman and Matthew E. Hess for Defendant and Respondent.

———————————————

Appellants/plaintiffs J.N. (through guardian ad litem Brian Nadley), Jordan Nadley,[1] and Jakob Nadley appeal the judgment which followed the trial court's order granting sanctions (Code Civ. Proc., § 128.7)[2] on the motion of defendant/respondent Jeffrey Goldberg.  Plaintiffs contend the trial court erred in ordering sanctions because (1) defendant did not comply with statutory notice requirements, (2) defendant engaged in bad faith conduct during the safe harbor period, (3) the court relied on inadmissible evidence, and (4) the complaint could have been cured by amendment.  We focus on the notice requirement, reverse the order (and consequential judgment) based on the lack of compliance with it, and decline to address plaintiffs' remaining arguments.[3]

---

[1]    There are multiple references in the record to Ms. Nadley with a different spelling of her first name—Jordyn.  The judgment refers to Ms. Nadley as Jordan.

[2]    Unless otherwise specified, statutory references are to the Code of Civil Procedure.

[3]    Plaintiffs request we instruct the trial court to grant them leave to amend the complaint.  The record reflects leave to amend was not requested in the opposition to the sanctions motion and the record does not include a motion to amend the complaint.  According to the statement of decision, a hearing on leave to amend was calendared for January 16, 2025, approximately one month after the sanctions motion was heard and granted.

Because the judgment of dismissal was entered on January 28, 2025, with the court noting therein that "the defects [in the complaint] cannot be cured by amendment" (presumably, in part, due to the absence of a request in the opposition), there is an inference that leave to amend was denied.  Nonetheless, the court's comments are in connection with whether sanctions

# BACKGROUND

## I. *The Court Reservation System (CRS)*

The parties do not dispute the trial court in this case is one of many in the civil department of the Los Angeles County Superior Court that uses a CRS. The CRS requires a party who seeks to file a motion to first access a website and obtain a "reservation number" from the superior court that identifies when the hearing will be conducted. (See Journal Technologies Court Portal, portal-lasc.journaltech.com (last visited April 27, 2026).) If the motion is not filed within three business days of receipt of the reservation number, the reservation will automatically be cancelled. (*Ibid.*) The system does not permit the motion date to be reserved more than three days before electronically filing the pleading. (*Ibid.*)

## II. *The Complaint and Sanctions Motion*

On June 18, 2024, plaintiffs filed a complaint for financial elder abuse (Welf. & Inst. Code, § 15657.03) by way of fraud or undue influence (Prob. Code, § 859) and intentional misrepresentation (Civ. Code, § 1709). The complaint further alleged plaintiffs were entitled to attorney fees pursuant to Welfare and Institutions Code, section 15657.5.

On October 25, 2024, defendant accessed the superior court's CRS in order to reserve a hearing date for a section 128.7 sanctions motion based on the frivolity of the complaint. He was

---

should be imposed and, in our view, do not reflect a ruling on a motion for leave to amend. The impact of reversing the sanctions order will revert the trial proceedings back to the pre-sanctions stage. When the case is remanded to the trial court, plaintiffs are at liberty to file a motion for leave to amend with supporting documentation and secure a ruling on that motion.

3

unable to do so because the electronic system requires motions to be filed within three business days of the date the reservation is secured but, on the other hand, section 128.7 prohibits the filing of the motion unless plaintiffs do not withdraw or correct the complaint during a 21-day safe harbor period that commences on the date of service (§ 128.7, subd. (c)(1). Thus, defendant served the notice of motion on October 25, 2024 without specifying a date and time for the hearing and, after the 21-day period expired, he secured a hearing date from the superior court. On November 20, 2024, defendant filed the motion and served plaintiffs with a second set of motion papers, this time with a hearing date of December 20, 2024 specified therein.

In the motion, defendant argued the complaint was frivolous due to the absence of evidentiary support and was procedurally barred by the statute of limitations as well as a signed release in a related lawsuit by one of the named plaintiffs in the case at bar. Plaintiffs opposed the motion arguing, among other things, that the safe harbor period never began because defendant's motion improperly failed to specify a date for a hearing in the notice of motion. Defendant countered plaintiffs' procedural argument by taking the position that it was not possible to include a hearing date in the notice of motion because the superior court's e-filing system did not permit a party to secure a reservation (hearing date) more than three days before the motion is required to be filed.

In a 9-page ruling, the trial court found the complaint to be "factually frivolous" and "legally meritless" before awarding defendant $19,285 in fees and costs. As relevant here, the trial court noted the superior court's "mandatory" electronic CRS requires motions to be filed no more than three days after the

4

date that a hearing was reserved.  It then rejected plaintiffs' argument regarding the defective notice, ruling defendant was exempt from the notice requirement.  The trial court wrote, "The [c]ourt's e-filing system does not permit motion dates to be reserved more than three days before the motion is actually filed. Therefore, it was not possible to reserve a hearing date when the motion was served pursuant to [section 128.7] . . . ."  It determined case law that required strict compliance with the notice requirements of section 128.7 is "outdated."

## DISCUSSION

## I. *Section 128.7 Sanctions and the Standard of Review*

A court may impose monetary and terminating sanctions pursuant to section 128.7 if a pleading is, as relevant here, "indisputably without merit, either legally or factually."  (*Bucur v. Ahmad* (2016) 244 Cal.App.4th 175, 189 (*Bucur*); § 128.7, subds. (b)–(e).)  "A claim is factually frivolous if it is 'not well grounded in fact' and it is legally frivolous if it is 'not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law.' [Citation.]"  (*Peake v. Underwood* (2014) 227 Cal.App.4th 428, 440 (*Peake*).)

"[S]ection 128.7 provides for a 21-day period during which the opposing party may avoid sanctions by withdrawing the offending pleading or other document."  (*Peake, supra*, 227 Cal.App.4th at p. 441; §128.7, subd. (c)(1).)  ""Service of the motion on the offending party begins [the][21]-day safe harbor period . . . .'"  [Citation.]  The purpose of the safe harbor period is to allow a party to withdraw an objectionable document and thereby conserve judicial resources as well as save the parties the time and expense of litigating sanctions.  The statute is remedial, not punitive.  [Citations.]"  (*Broadcast Music, Inc. v. Structured*

5

*Asset Sales, LLC* (2022) 75 Cal.App.5th 596, 605.)  If a party
declines to take advantage of the safe harbor period by
withdrawing/correcting the frivolous pleading, the court has
broad discretion to impose sanctions.  (*Bucur*, *supra*, 244
Cal.App.4th at p. 190.)

A sanctions award is reviewed for abuse of discretion.
(*Conservatorship of Anne S.* (2025) 112 Cal.App.5th 1201, 1032.)
"Under the abuse of discretion standard, "'[t]he trial court's
findings of fact are reviewed for substantial evidence, its
conclusions of law are reviewed de novo, and its application of the
law to the facts is reversible only if arbitrary and capricious.'"
[Citation.]"  (*G.F. Galaxy Corp. v. Johnson* (2024) 100
Cal.App.5th 542, 551.)  We conduct a de novo review of the trial
court's determination that the date of the hearing was not
required to be included in the notice of motion.

## II. *Compliance with Notice/Safe Harbor Requirements*

"Although courts may disregard literal interpretation of a
statute . . . [citation], they should do so rarely, and only in
'extreme cases'—those in which, as a matter of law, the
Legislature did not intend the statute to have its literal
effect . . . ."  (*Gorham Co., Inc. v. First Financial Ins. Co.* (2006)
139 Cal.App.4th 1532, 1543–1544.)  We turn to the plain
language of sections 128.7 and 1010.

Section 128.7, subdivision (c)(1) provides the "[n]otice of
motion *shall* be served as provided in [s]ection 1010 . . . ."  (Italics
added.)  To comply with section 1010, a notice of motion "*must
state when* . . . it will be made . . . ."  (§ 1010, italics added.)
Reading these two provisions together, a notice of motion seeking
section 128.7 sanctions must reflect when the motion will be
heard.  (*Galleria Plus, Inc. v. Hanmi Bank* (2009) 179

Cal.App.4th 535, 537–538 (*Galleria Plus*).) "Section 128.7's incorporation of section 1010 is compulsory, not permissive." (*Id.*, at p. 538.) If the notice of motion fails to specify when the motion will be made, the document is "render[ed] . . . fatally defective. [Citations.]" (*Ibid.*) Here, the spaces in the October 25, 2024 notice of motion designated for the date and time it was to be heard were left blank, thereby triggering the fatal flaw under sections 128.7 and 1010 as well as *Galleria Plus*.

Defendant argues *Galleria Plus* is inapposite because, when he was preparing to serve the notice of motion, the superior court's CRS did not allow him to set a hearing date after the safe harbor period expired. The trial court was of the same mind, finding *Galleria Plus* is outdated because it was decided "almost a decade before the Los Angeles [County] Superior Court adopted its mandatory electronic [CRS]." It is true that, because the safe harbor period between service and filing of the motion well exceeds the three-day period applicable to the CRS, it is impossible for a litigant seeking section 128.7 sanctions to serve a notice of motion reflecting a CRS-generated hearing date that is after the 21-day safe harbor period. But this conundrum does not render *Galleria Plus* outdated or inapplicable.

*Galleria Plus* addressed whether statutory provisions required the notice of a sanctions motion to indicate "when the motion would be made" and, if so, the consequence of omitting this information. (*Galleria Plus*, *supra*, 179 Cal.App.4th at pp. 537–538.) It was not concerned with the way a hearing date could be obtained or the resources available to a party to secure a date.

The apparent flaw in the CRS did not relieve defendant of his obligation under sections 1010 and 128.7 to serve a notice of

7

motion that reflects when the motion will be made.  Indeed, if we were to find *Galleria Plus* inapplicable simply because it was decided before the era of electronic filing, we would be required to ignore the unambiguous statutory dictates of sections 128.7 and 1010—something we cannot do.  (*Switzer v. Wood* (2019) 35 Cal.App.5th 116, 130 [courts "'must follow'" unambiguous statutory language]; *Perez v. Torres* (2012) 206 Cal.App.4th 418, 423 [if statutory language is clear, an appellate court "must follow the plain meaning"].)  Although defendant could not secure a hearing date from the CRS that was after the expiration of the safe harbor period, he could have filed an ex parte motion to request the trial court waive the timing restriction applicable to e-filed motions and allow defendant to set a hearing more than 21-days after service of the notice of motion.[4]

## III.  *Statutory Impossibility*

Citing *Changsha Metro Group Co., Ltd v. Xufeng* (2020) 57 Cal.App.5th 1 (*Changsha Metro*), defendant contends "litigants should not be faulted when it is impossible to comply with a statute."  There are significant differences between the case defendant cites and the one before us.

---

[4]     At least two jurisdictions —Orange County and San Bernardino County—have e-filing systems that exempt sanctions motions from filing deadlines that would otherwise interfere with a litigant's ability to comply with statutory notice and safe harbor requirements.  (See https://voypubapps.occourts.org/reserve-motion-date/civil-reserve-motion-date [Orange County]; https://sanbernardino.courts.ca.gov/civil-motion-reservation [San Bernardino].)  To avoid the necessity of an ex parte motion, the Los Angeles County Superior Court may elect to modify its e-filing rules along those lines.

8

*Changsha Metro* involved the interplay between attorney fees recoverable as sanctions under section 128.5 subdivisions (a) [court has authority to order a party to pay attorney's fees as a sanction] and (c) [sanctions request may be made in papers responding to a motion] versus sanctions imposed pursuant to subdivision (f) [allowing a motion for sanctions after an order is issued pursuant to subdivision (a) and the expiration of a 21-day safe harbor period].  (*Changsha Metro*, *supra*, 57 Cal.App.5th at pp. 8–19.)  The court held section 128.5 "creates an impossible procedure when the statute is read as a whole because there is no means by which a person could comply with the procedures set forth in the statute.  One cannot obtain an order under subdivision (a) while still providing a meaningful safe harbor under subdivision (f)." (*Id*., at p. 12.)

After reviewing legislative history, *Changsha Metro* provided the following roadmap.  "[I]f one is attempting to obtain attorney's fees under section 128.5, then one should use the procedures of subdivision (f) (minus the prerequisite for an order under subdivision (a)) if at all possible because, from what we can decipher, that was the Legislature's intent. [¶] To implement that intent, we conclude that if it is not possible to comply with the safe harbor and separate motion requirements of section 128.5, subdivision (f) when seeking attorney fees, then one should use the procedures set forth in subdivisions (a) and (c)." (*Changsha Metro*, *supra*, at p. 18.)

Unlike *Changsha Metro*, we are not dealing with competing legislative provisions.  The Legislature has spoken quite clearly— a notice of motion for sanctions pursuant to section 128.7 must state when the motion will be made.  The superior court did not, and could not, make it impossible to comply with the

9

Legislature's notice requirements. "A trial court is without authority to adopt local rules or procedures that conflict with statutes . . . or that are inconsistent with . . . case law." (*Elkins v. Superior Court* (2007) 41 Cal.4th 1337, 1351.) The CRS undoubtedly makes it inconvenient to abide by the statutory notice and safe harbor requirements in that litigants must seek an ex parte order from the court to work around the CRS's three-day filing limitation, but the CRS did not invalidate *Galleria Plus* or carve out an exception to the requirements of sections 128.7 and 1010.[5]

## IV. *Harmless Error*

Defendant contends plaintiffs suffered no prejudice because they "received the full measure of notice due to them," they had their day in court, and the complaint was frivolous. We are not persuaded.

"[A] formal noticed motion is required to begin the 21-day period. [Citation.] Strict compliance with the statute's notice provisions serves its remedial purpose and underscores the seriousness of a motion for sanctions. [Citations.]" (*Galleria Plus*, *supra*, 179 Cal.App.4th at p. 538.) It has been said that "'[c]lose' is good enough in horseshoes and hand grenades, but not

---

[5] Defendant contends it would be "too cumbersome" for the party seeking sanctions to file an ex parte motion for a hearing date beyond the 21-day period in order to comply with the notice and safe harbor provisions. Cumbersome or not, litigants are obligated to abide by the directives of California statutes. In any event, because the superior court does not have the authority to implement rules and procedures that prevent attorneys from complying with statutes and case law, such a motion could be truncated and rudimentary.

10

in the context of the [section 128.7] sanctions statute[].” (*Hart v. Avetoom* (2002) 95 Cal.App.4th 410, 414.)  Because service of the October 25, 2024 notice of motion did not comply with sections 128.7 and 1010, it was fatally defective and the necessary 21-day safe harbor period never began.  (*Galleria Plus*, *supra*, 179 Cal.App.4th at p. 538; *Transcon Financial, Inc. v. Reid & Hellyer, APC* (2022) 81 Cal.App.5th 547, 550 [“[s]ervice of the sanctions motion triggers the 21-day safe harbor period”].)[6]

Regardless of the merits of defendant’s motion or the opportunity for plaintiffs to argue their case in court, the failure to comply with the notice and safe harbor components of section 128.7 requires reversal of the order granting sanctions. (*Transcon Financial, supra,* 81 Cal.App.5th at p. 551 [compliance with the safe harbor provision in section 128.7 is mandatory]; *CPF Vaseo Associates, LLC v. Gray* (2018) 29 Cal.App.5th 997, 1007 [the doctrine of substantial compliance does not apply to the safe harbor provision]; *Martorana v. Marlin & Saltzman* (2009) 175 Cal.App.4th 685, 700 [failure to comply with section 128.7’s notice and safe harbor provision requires reversal of sanctions award]; *Barnes v. Department of Corrections* (1999) 74 Cal.App.4th 126, 136 [“informal notice of an intent to seek sanctions in the future cannot serve as a substitute to the requirements set forth in section 128.7 for a formal noticed motion”].)  Defendant cites no case that has applied the doctrine of harmless error to salvage a section 128.7 motion that fails to comply with its procedural requirements.

---

**6**     The second set of moving papers (which included a hearing date and time) provided no corresponding safe harbor period because they were served and filed on the same date.

## DISPOSITION

The order awarding sanctions and corresponding judgment are reversed and the case is remanded for further proceedings consistent with this opinion. Defendant's motion for sanctions on appeal is denied. In the interests of justice, each party shall bear their own costs on appeal.


                                                    KUMAR, J.*

We concur:


        HOFFSTADT, P. J.


        KIM (D.), J.

---

*       Retired Judge of the Superior Court of Los Angeles County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.